McCALEB, Justice,
This matter comes to us on appeal from the Juvenile Court for the Parish of Orleans to review a judgment denying appellants’ petition for adoption of an infant child which had been placed and still is in their care and custody. The mother of the child has moved to dismiss the appeal, which is labelled a suspensive appeal, insofar as it may maintain appellants’ custody of the child during pendency of the cause here.
The pertinent facts are that the unwed mother (mover herein) executed a notarial act, in accordance with Act No. 91 of 1942, surrendering the child to the Protestant Home for Babies. The latter thereafter placed the child in the home of appellants for adoption and, on April 8th 1949, appellants, joined by the Protestant Home, petitioned the Juvenile Court accordingly. This petition was successfully opposed by the mother and judgment was rendered denying the application. The so-called suspensive appeal was then prosecuted and the child was permitted to remain in the custody of appellants.
The position of mover is that, under Article 580 of the Code of Practice and Section 96 of Article 7 of the Constitution, as last amended by Act No. 513 of 1948, a suspensive appeal will not lie from a judgment of the Juvenile Court in adoption proceedings.
We readily agree to the proposition, that a suspensive appeal may not be *215 taken from a judgment rejecting a petition for adoption; that is because there is nothing in the judgment of dismissal to suspend. It is in the same category as a judgment dismissing a petition for divorce from which an appeal, other than for costs, can only be devolutive in character. Cortez v. Cortez, 175 La. 179, 143 So. 41.
But the misnaming of the appeal as “suspensive” does not require its dismissal. On the contrary, the right of appeal to this court from the Juvenile Court for the Parish of Orleans on questions of law and fact in adoption proceedings is specifically provided by Section 96 of Article 7 of the Constitution.
Section 96 of Article 7 also declares that an appeal from the Juvenile Court shall not discharge the child to whom the judgment relates from the custody of the Juvenile Court, if the judgment affects the care and custody of said child, “unless the Supreme Court shall so order”. It is mover’s contention that this provision prohibits a suspensive appeal and, therefore, appellants lost the legal custody of the child from and after the denial of their petition in the Juvenile Court.
While it is true that the provision relied upon by mover denies a suspensive appeal in the cases therein mentioned, it is difficult to perceive how it has the effect of nullifying appellants’ legal custody of the child in the absence of a specific order of the Juvenile Court to that effect. Initially, it is doubtful whether the provision is applicable to an adoption proceeding such as this, where the child was not committed to the care of appellants by the Juvenile Court but was placed in their home for adoption by a social agency. However, assuming that it is, the provision does not help mover as it merely prescribes that the appeal shall not effect a discharge of the child from the custody of the Juvenile Court or the person, institution or agency to whose care such child may be committed. In other words, since the judgment denying appellants’ petition does not provide for a change of custody, it does not affect the legality of appellants’ custody in any respect.
Moreover, after a -perusal of Act No. 228 of 1948, LSA-R.S. 9 -.421-441, the latest adoption statute, it seems clear that the matter of the custody of a child, pending an appeal in an adoption proceeding, lies within the sound discretion of the Juvenile Court, Section 13 of Act No. 228 of 1948, LSA-R.S. 9:433, provides that, upon the refusal to grant either an interlocutory or final decree to the prospective adoptive parents, “ * * * the court may remove the child from the petitioner and reinstate the legal custodian or appoint a custodian”. Thus, the court, upon denying appellants’ petition in the instant case, was vested with authority to remove the child from their custody pending the appeal. But the court did not do so, the judge evidently being of the opinion that it was to the best interests of the child that it remain in appellants’ home until the matter was finally deter *217 mined here. Accordingly, neither the judgment nor the appeal effected any change in the legality of appellants’ custody of the child.
Article 580 of the Code of Practice, relied upon by mover as a ground for dismissing the appeal, is without pertinence. That article applies to the nomination of tutors and curators of minors, absentees and interdicts and the appointments of syndics of creditors. Appeals from the Juvenile Court are in no way affected by the articles of the Code of Practice. In re Diaz, 211 La. 1015, 31 So.2d 195.
The motion to dismiss the appeal is denied.