62 So.2d 511

**BALL et ux. v. CAMPBELL.**

No. 40817.

Dec. 15, 1952.

Ellis, Ellis & Lancaster, Frank B. Ellis, James E. Wright, Jr., Wisdom & Stone, Saul Stone and Paul O. H. Pigman, New Orleans, for relators and appellants.

C. L. Stiffell, New Orleans, for opponent.

FOURNET, Chief Justice.

This proceeding by Mr. and Mrs. William Slaughter Ball, seeking the adoption of the minor, Barbara Gail Campbell, now four years of age, released to their custody and care in early infancy by the Protes-

tant Home for Babies at New Orleans, to which institution the child had been formally relinquished by her unwed mother, Wilma Annabell Campbell, 24 days after birth, is before us for the third time. When last considered, we annulled and set aside the judgment of the Juvenile Court denying to petitioners the right to adopt the child and remanded the case to permit the minor's natural mother, who had filed opposition to the adoption proceedings, to offer proof of her charges that the Protestant Home for Babies was not "approved" by the Welfare Department at the time of the child's surrender, and that her formal act of surrender was obtained through pressure and coercion of a member of the Home—she having been precluded from taking part in the adoption hearing by the action of the lower court in erroneously maintaining a plea of prescription to her opposition filed by Mr. and Mrs. Ball, under Section 6, Act 227 of 1948, leveled at the act of surrender, and excluding her attorney from the courtroom. See Ball v. Campbell, 219 La. 1076, 55 So.2d 250.

It is now before us on alternative writs of certiorari, prohibition and mandamus to review the judgment of the Juvenile Court on remand of the case, setting aside the act of surrender executed by the natural mother, denying the adoption sought by petitioners, and ordering that the Probation Department of the Juvenile Court for the Parish of Orleans take the child in custody for placement with the mother; and meanwhile, pending a hearing, the Judge of the Juvenile Court was enjoined from removing the child from the care and custody of petitioners and from proceeding further in the case until the validity of the proceedings (now lodged here on devolutive appeal) are finally determined.

In their briefs, neither party argues the issues in this case. The attorney representing the mother, claiming that the care and custody of a child under 17 years of age are left to the sound discretion of the Juvenile Court under Article VII, § 96 of the Constitution of Louisiana, and LSA–R.S. 9:421–9:441, covering adoption of minors under seventeen, and that such was the holding of the Court when this case was before us for the first time, Ball v. Campbell, 219 La. 212, 52 So.2d 754, argues that if the writs are allowed to stand this results in overriding the constitutional provisions and the wishes of the Legislature; that no cause or just grounds are shown for not carrying out the order of the Juvenile Court, and that further delay in placing the child in the custody of her mother will result in seriously affecting her physical and mental well being.

On the other hand, counsel for petitioners, Mr. and Mrs. Ball, admitting that under constitutional and statutory provisions the Juvenile Court had no authority to grant a suspensive appeal and properly refused to do so, request that we perpetuate the writs and continue the stay order

in effect until there is final judgment rendered on the devolutive appeal now pending from the (second) judgment of the Juvenile Court, in view of the statement of the mother that she would take the child with her to reside with her parents in Kansas—and thus remove it from the jurisdiction of our courts.

■ While the Constitution provides that where the judgment of the Juvenile Court affects the custody, care or control of children under seventeen years of age, an appeal from a final judgment of that court "shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court," this is followed by the exception "unless the Supreme Court shall so order." Moreover, the provision applies to appeals, with which we were concerned upon first hearing of this case, and we then expressed doubt whether the provision is applicable to an adoption proceeding such as this, where the child was not committed to the care of petitioners by the Juvenile Court but was placed in their home for adoption by a social agency. See 52 So. 2d at page 755. The same may be said of LSA–R.S. 9:433, particularly relied on by counsel for the mother, providing that "Upon refusal to grant an interlocutory or final decree to prospective adoptive parents * * *, for the reason that the adoption is not in the best interests of the

child, the court may remove the child from the petitioner and reinstate the legal custodian or appoint a custodian"—the refusal of the Juvenile Court not being based on the reason that the adoption was not in the best interests of the child. The supervisory jurisdiction and control of this Court over inferior courts, under Article VII, Section 10 of the Constitution, is in no way affected by the above provisions.

■ Certiorari having issued under our supervisory jurisdiction, as a general rule we review the case as on appeal, State ex rel. Harz v. City of New Orleans, 216 La. 849, 44 So.2d 889, and cases therein cited; but inasmuch as the issues for the determination of which the case was remanded—that the Home at the time of the child's surrender was not approved by the Welfare Department to receive the child (Act 91 of 1942), and that the formal act of surrender by which the mother relinquished the child was obtained through duress and coercion—are issues which are not only complicated but which are impressed with great public interest, we will follow the precedent laid down in the case of Waggoner v. Grant Parish Police Jury, 198 La. 798, 4 So.2d 833, and let the case come up on appeal, when it will be thoroughly briefed and argued, in the meantime the child to remain in the custody of petitioners.

After submission of this case and preparation of the above opinion, a motion to dismiss the appeal was filed which, if

meritorious, of necessity would deprive the relators of their right to have the case reviewed. We therefore withheld our decision until such time as this Court should pass upon the appeal; and inasmuch as we are this day handing down the decree disposing of the issues in this case, the writs granted herein are being made peremptory.

For the reasons assigned, the writs granted in this case are made peremptory, and accordingly the Honorable John J. Wingrave, Judge of the Juvenile Court for the Parish of Orleans, is prohibited from removing the child, Barbara Gail Campbell, from the custody of Mr. and Mrs. William Slaughter Ball and from proceeding further in the matter until judgment on the issues involved in this case has become final.