TATE, Judge
(dissenting from denial of application).
The plaintiff mother obtained custody of the eight-year-old child of the marriage by a 1961 divorce decree. This little boy has remained in his mother’s custody since then. By June 17, 1966 judgment, the trial court has ordered a change of custody at the husband’s application, based upon the wife’s immoral conduct during the two-month period of October 1-November 15, 1965. The plaintiff mother requests that we issue supervisory writs in order to stay the change of custody until such time as this appellate court can review the trial court’s action changing the custody of the minor child. The majority has denied this application.
While there is no suspensive appeal as of right from a custody decree, LSA-C.C.P. Art. 3943, traditionally, under the overriding constitutionally-granted powers arising from their supervisory jurisdiction, in instances such as the present the Louisiana appellate courts have stayed any *494 immediate change of custody pending review by the appellate court, in order to avoid the great emotional damage to a child which may result if the unsuspended trial court change of custody is subsequently reversed upon further appellate review. See Ball v. Campbell, 222 La. 357, 62 So.2d 511, where this rationale is stated, as well as the following cases among the many others in which such procedure was followed: Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532; Gary v. Gary, La.App. 3 Cir., 143 So.2d 411; State ex rel. Hebert v. Knight, La.App. 1 Cir., 135 So. 2d 126; Mouton v. St. Romain, unreported order in Civil Docket No. 825 of this court (supervisory jurisdiction) in case subsequently reported (appellate jurisdiction) at 245 La. 839, 161 So.2d 737.
The present demonstrates a typical case in which the appellate courts have stayed a change of custody pending review of the merits by the appellate court. By refusing to do so, we shirk the proper exercise of our constitutional supervisory powers granted to us to avoid possible injustice or unreasonable hardship which will otherwise result from the inflexible application of procedural rules; this is especially regrettable because we have failed to do so where the interests of a helpless child are at issue.
The trial court’s judgment expressly shows that the child’s present environment in Sulphur is proper and wholesome, that the mother’s present conduct and employment are suitable and proper, and that the mother’s present way of life is not subject to reproach. She is to be deprived of the custody of her child due to a two-month period during October-November 1965 when she was grossly immoral
It may well be that upon complete review of the entire record, either under our supervisory or our appellate jurisdiction, we will agree with the trial court that a change of custody is in the child’s best interest. However, with the child now in proper and wholesome surroundings with the parent with whom he has lived all of his life, we unnecessarily risk the serioits emotional damage the child may sustain should we, upon appeal, reverse the trial court’s determination that custody should be changed. This is especially so because substantial legal questions are presented by the pleadings before us and are evidenced in the body of the fair and comprehensive trial court judgment.
These substantial issues include:
(1) Despite the mother’s previous immorality, upon her reformation she may nevertheless be entitled to the retained custody of her child. Mouton v. St. Romain, 245 La. 839, 161 So.2d 737 (where there was a very slight interval of reformation before the mother applied to recover custody of her child, and where her superior right to custody was recognized); Messner v. Messner, 240 La. 252, 122 So.2d 90. This is especially so in view of the well-recognized paramount right of a mother to custody of a child of tender years. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532.
(2) The child’s mother had been formally granted custody by a 1961 judgment. It is now the jurisprudence of this court that, before there may be a change of custody, the applicant for such change has the “double” burden of proving that (a) because of changed conditions, the applicant husband is now fit and able to provide for the child, and (b) that the mother’s continued care is detrimental to the child’s interest. Gary v. Gary, cited above; see Wells v. Wells, La.App. 3 Cir., 180 So.2d 580, 583 (concurring opinion in which the present writer, who dissented in Gary v. Gary, acknowledges that this is the rule to be followed by this court until overruled).
In view of the trial court’s finding in its judgment that the present environment provided by the mother is suitable, I foresee that a serious issue will be presented as to whether the mother’s continued custody of her child (with whom the child has lived his entire life until now) will be proved so *495 detrimental as to justify a change of custody.
Under these circumstances, I respectfully dissent from the majority’s refusal to stay the change of custody until after this appellate court has passed upon the correctness of the trial court’s determination. By issuing writs now, it is not impossible that we can review the matter and either reverse the change of custody or rescind our stay order by our decision day of August 1st. Should we prefer to issue a stay order and hear the matter upon its regular appeal, such appeal will be lodged in this court on August 12th and can then be heard expeditiously.
I respectfully dissent, therefore, from the majority’s refusal to stay the change of custody pending review by this appellate court of the deprivation from a mother of the custody of an eight-year-old child who has been with her since his birth.