HAMITER, Justice.
 

 The instant appeal concerns the custody of a child of tender age, the dispute being between its mother and father.
 

 On March 2, 1943, Mrs. Ola Coats With-row sued her husband, Horace H. Withrow, charging him with adultery. She prayed •for a judgment granting a divorce and awarding her the care, custody and control of their minor child (then four years of age), Howdy Coats Withrow. On the filing of the petition, and by an appropriate order of court, she was given temporary custody. The husband answered, denying his wife’s allegations; and he also filed a reconventional demand seeking a divorce, on the ground of adultery, and the child’s custody.
 

 After a lengthy trial of that suit in Division “D” of the Orleans Parish Civil District Court, there was judgment rendered on February 3, 1944, rejecting the demands of both the wife and the husband. The judgment further provided “that the rights of Horace H. Withrow, if any, to claim a separation from bed and board, and the custody of the minor child, Howdy Coats Withrow, because of misconduct', excesses, abuses and cruel treatment, be and the same are hereby reserved.” This reservation, protecting the rights of the husband, was included in the judgment undoubtedly because the wife at the time had the custody of the child; obviously, it was not for the purpose of giving the husband, as he now contends, any advantage over the wife.
 

 From that judgment both litigants obtained orders of appeal. The appeals, however, were never perfected.
 

 On July 21, 1944, the present suit was instituted, in Division “B” of the Orleans Parish Civil District Court, by the wife against the husband. In the petition plaintiff alleged that she and defendant were married April 1, 1932, of which marriage
 
 *217
 
 the child Howdy Coats Withrow was born, and that since July 19, 1942, they have lived separate and apart. She prayed for a divorce (by reason of the continuous separation of more than two years), for the permanent care and custody of the child, and for alimony of $10 per week for the child’s maintenance. Defendant answered, admitting the separation; and he reconvened for a divorce and for the child’s custody, alleging therefor practically the same grounds as in the former suit.
 

 During the trial, for the restricted purpose of deciding the question of the custody of the child, the court permitted the introduction of evidence relating to the character and conduct of each of the litigants, as well as of plaintiff’s mother who supervised the child for several years. Also it allowed the transcript of testimony of the former suit to be made a part of the record in this case.
 

 Ultimately, plaintiff was granted a divorce; but the permanent care, custody and control of the child was given to the defendant husband, reserving to plaintiff the right to see and visit it at any and all reasonable times. The wife is appealing from that portion of the judgment which relates to custody.
 

 Under our present jurisprudence the paramount consideration in determining to whom the custody of a child of ‘tender age should be granted after a divorce is the child’s welfare and best interest. The mother is preferred if she is a person of good moral character and can suitably and properly care for it. Black v. Black, 205 La. 861, 18 So.2d 321; White v. Broussard, 206 La. 25, 18 So.2d 641; Willis v. Willis, 209 La. 205, 24 So.2d 378.
 

 In his attempt to gain the custody of the child in question, the defendant alleged that his wife, as well as her mother with whom the child lived for several years while plaintiff was working, was morally unfit to care for it. Then, during the course of the trial, he offered numerous witnesses to show that she was habitually intoxicated, that she lived loosely with other men, and that her conduct generally was so improper as to render her an unfit person to have the supervision of a child of tender age. On the other hand, many witnesses produced by plaintiff testified as to-the gross misconduct and unfitness of the defendant. Regarding the testimony thus-adduced on both sides, which is contained in two large volumes, the trial judge commented, “I have been sitting on this bench for ten years, and I have never heard as-much slime, filth and dirt as is in this record.”
 

 The evidence before us for consideration, besides its being in the main of a base nature, is replete with contradictions, so-much so that i't is impossible to determine-with any degree of certainty whether either parent is or is not qualified to have the-legal custody of the child. The district judge evidently entertained the same view
 
 *218
 
 for near the close of the trial he remarked that under the evidence heard neither the husband nor the wife would get the child, and he proposed that they agree to have the Child Welfare Association conduct a thorough investigation of the whole situation.
 

 On plaintiff’s refusing to accept the proposal, the court rendered judgment awarding the permanent care, control and custody to the defendant. In making this award, the following written reasons were assigned:
 

 “The
 
 husband, while
 
 not
 
 definitely in a position to take care of the child because he has no home and is now rooming on Julia Street, in this city, has offered to place the child in a proper home or institution, and to assume all the cost of his lodging, clothing and education.
 

 “The Court made every effort on its part to have the plaintiff and the defendant to agree upon the child being placed in a proper home or institution, with the right of both parents to see the child at reasonable times and for each of them to have the child on alternate week-ends, so that he could have the love and affection of his mother and father, reserving to either party the right to reopen the case on the question of the permanent care, custody and control of the child whenever either party was in a position to give him a home and proper attention. This the wife refused to do.
 

 “The Court seriously doubts whether or not it can enter such a judgment, and is of the opinion that it must enter a final judgment in this matter as to who shall have the permanent care, custody and control of the child. In any event, that is what the wife desires, as well as her attorneys.
 

 “Under the circumstances, if the permanent care, custody and control of the child is awarded to the mother, she will be in a position to allow him to remain with his grandmother in Ponchatoula where he would not receive proper attention and care.
 

 “The Court believes that it is to the best interest and welfare of the minor to give the permanent care, custody and control to the father, since he will place the child in a home or institution where the child will receive proper care and attention, with the right of both parents to see him at reasonable times.
 

 “The father and the attorney for the father have furnished the Court with the name of the institution in which they intend to place the child, and that institution is thoroughly satisfactory to the Court.”
 

 The reputation of the institution in which the child has been placed by the defendant is in no manner questioned or assailed by plaintiff, her complaint being merely that she is denied the privilege of having the child with her. But, as a general proposition, it is always undesirable
 
 *219
 
 to institutionalize a child if it can properly be given parental care and afforded the benefits of a family environment. Furthermore, as the trial judge points out in his reasons for judgment, there is considerable doubt as to whether a district court has the right or jurisdiction to award the permanent custody of the child to the father, when he is not in a position to take care of it, on his agreeing to place the child in a suitable, home or institution, just as was done in this case. Then too, as observed above, the evidence here is so unsatisfactory, especially because of the numerous contradictions noticed therein, that it is impossible to properly determine the question of the fitness of the respective litigants. Particularly is this true with reference to the plaintiff. Some of the witnesses characterized her as an habitual drunkard and a morally low person, while, on the contrary, others disputed that characterization, and the uncontradicted proof discloses that for several years during the recent war (at the time of the alleged drunkeness) she served with credit in responsible positions with two large ship building organizations.
 

 In view of these circumstances we have concluded to remand this case for the introduction of more evidence, hereby instructing the district court, to which the ease may be assigned on the remand, to appoint the Orleans Parish Director of Public Welfare to make or cause to be made r.n investigation of both the plaintiff and defendant, for the purpose of determining the fitness of each parent for the legal custody of the child in question, and to report under oath to that court all of the pertinent facts and circumstances found. After hearing the report, as well as whatever additional evidence as may be available, the judge shall render such judgment as the proof justifies. Pending the further consideration of the case, that court, in its discretion, shall provide for and regulate the temporary custody of the child.
 

 The assisting by the State Department of Public Welfare in a case of this nature is judicially approved in State ex rel. Landry v. Robin, 193 La. 789, 192 So. 349 and State ex rel. Munson v. Jackson, 210 La. 1, 26 So.2d 152, and the authority for its performing the service is granted by Section 13 of Act 14 of 1936, as amended by Act 344 of 1938, § 12 (Dart’s Sec. 6537.12), reading:
 

 “If appointed by a court of competent jurisdiction, and subsequent to the approval of the State Department, the parish or district director of public welfare may perform under the supervision of such courts the functions of probation officer and/or agent of the court in any welfare matters which may be before it.”
 

 For the reasons assigned that part of the judgment appealed from is set aside and the case is remanded to the district court for further proceedings consistent with the views herein expressed and with the instructions above given.