McCALEB, Justice.
Plaintiff brought this suit for a separation from bed and board and to be awarded the custody of his 15-month-old infant child, who has been in the care and possession of his wife since its birth. Defendant does not contest the claim for a legal separation, which is grounded on the continuous voluntary separation of the parties for a period exceeding one year, but vigorously opposes plaintiff’s demand for custody of the child, alleging that she is entitled to be recognized as its legal custodian and that her husband should be made to pay alimony for the child’s support.
After a hearing below judgment was rendered in plaintiff’s favor, as prayed for. The wife thereupon applied here for remedial writs, complaining only as to that portion of the judgment awarding the husband permanent care and custody of the child. Certiorari was granted and the matter has been submitted for our decision.
The record exhibits the following facts. The parties, who are residents of Mansura, Louisiana, were married on August 25, 1956. *813 Defendant was 16 years of age and pregnant at the time; plaintiff was 22. Following the marriage plaintiff brought his bride to the home of his father and mother, where she remained less than a month, or until September 20, 1956, when she left her husband and returned to the household of her own parents. On November 27,1956 the child was born. From the date of the separation until the trial of the case, plaintiff has attempted to effect a reconciliation with defendant but his efforts have been fruitless, defendant stating in her testimony that she is unwilling to resume the marital relation. After the birth of the child, plaintiff was inducted into the armed services, where he remained for over five months. Upon his return to Mansura he was permitted by defendant to have the child in his possession for three days each week.
In June of 1957 defendant went to New Orleans to attend a business college so that she can ultimately qualify for office employment and, during her stay in that city, she is living at an apartment hotel with her grandmother. Since she has been attending school, her parents, Dr. and Mrs. J. C. Hildenbrand, have kept the child for her at their home in Mansura. Defendant testified that it was her practice to return to Mansura about two or three times each month to be with the baby. She further stated that she is to graduate from business college in about six weeks (the date of the trial was March 3, 1958), at which time she hopes to secure work in Alexandria, Louisiana or at some other place close to Mansura where she could live at home and have her child in daily personal charge.
Plaintiff, while professing his love and affection for the child, implies in his testimony that his wife is not similarly devoted and attentive. He states that, if granted custody, he plans to bring the child to the home of his parents where he will give it every care and attention. He further declares that he is well able to provide for the child; that he was working for his father in the mercantile business at the time of his marriage, earning a salary of $400 per month and that he is now in business for himself, having but recently opened a barroom and cocktail lounge near his home.
Under this evidence the trial judge determined that the welfare of the infant would be best served by awarding custody to the father. He took the position that the child was really not in defendant’s custody, as she had left it in the care and control of her parents when she went to New Orleans and that, in these circumstances, the issue of legal custody was one between the father and the maternal grandparents.
We cannot subscribe to this view which is based, in part, on the erroneous premise that defendant has relinquished the custody and control of the child to her parents. Rather, it is correct to say (as the record reflects) that the child has been left temporarily in *815 the care of the maternal grandparents during the time that defendant is taking a business course in New Orleans in order that she may qualify for work and become self-supporting.
Since there is not a scintilla of probative evidence to show that this young mother is either morally or otherwise unfit to rear her child, she is entitled to preference as legal custodian. The applicable rule in cases of this sort is tersely stated in Cannon v. Cannon, 225 La. 874, 74 So.2d 147, 148, thus:
“It is well settled in the jurisprudence of this state that in cases involving the custody of children the primary concern of the court is the welfare and best interest of the children (Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321) and that it is to the welfare and best interest of young children that the mother be awarded their custody unless she is shown to be morally unfit or otherwise unsuitable (Kieffer v. Heriard, supra; Pepiton v. Pepiton, supra).”
As defendant is not an unsuitable person to raise her child, the judge abused his discretion ip taking it from her and awarding custody to plaintiff.
It would appear from the written opinion of the judge that he was unfavorably impressed by the refusal of defendant to accede to plaintiff’s entreaties for a reconciliation. But defendant’s desire to end the marriage did not constitute a valid basis for denying her preferential right to the custody of her child; denial of this right must rest on unfitness or proof of existing conditions detrimental to the child’s welfare.
Defendant has asked for alimony for the support of her child, to which she is clearly entitled under the law, but no evidence was offered by her to show the amount required for the child’s upkeep. Under these circumstances, the cause will be remanded to hear evidence so that the alimony due by plaintiff may be fixed and assessed and also for the fixing of the time and conditions under which plaintiff may exercise his right of visitation to the child.
The judgment of the district court is therefore reversed insofar as it awards plaintiff the care and custody of the child, Timothy Drouin, and it is now ordered that defendant, Elizabeth J. Hildenbrand, be granted the permanent care, custody and control of said child, the case being remanded to the district court for the fixing of the alimony to be paid defendant by plaintiff for the support of the child and the fixing of the time and conditions under which plaintiff may exercise his right of visitation. In all other respects, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
*817 HAMITER, J., dissents with written reasons.
HAWTHORNE, J., dissents.