AYRES, Judge.
The issue presented for resolution by this appeal is one of the custody of the minor, Alan Mayo Knight, a child of the marriage of plaintiff and defendant, presently eight years of age.
The question, purely factual in character, relates primarily to the qualifications and fitness of the mother for such custody. Custody of the child was sought by the mother in a suit for divorce “a vinculo matrimonii,” predicated upon a separation of the father and mother following a judgment of separation in his favor based upon a charge of abandonment. From a judgment awarding custody of the minor to the mother, the father appealed.
Concerning the wife’s ability, financially and otherwise, to care for and support the minor, the record establishes these facts: Since September, 19S8, plaintiff has lived with her parents in the City of Monroe; she is employed five days per week until 4:00 p. m. daily as an office worker or secretary at a salary of $340 per month; she owes no debts of consequence and is financially able to support the child, with the assistance of her father and mother, both of whom are now apparently in good health and who welcome the child into their home. Plaintiff undoubtedly is, therefore, in position to give the child the care, attention, and the privileges parents invariably desire to, and do1, bestow upon their children.
Nor do we find, in the record, any evidence warranting a conclusion that the mother is an unfit person, morally, or otherwise, for the custody of her minor child. The husband would have it believed that his wife was fascinated, captivated, and charmed by an imaginary amorous allurement and attraction of a fellow office employee of hers, which he attributed as the cause of their separation. The wife readily admitted, in testifying, that since their separation she had occasionally “kept” company with this party. Nevertheless, as concluded by the trial court, there is no evidence in the record indicative of immoral conduct on the part of the wife at any time.
The jurisprudence of this State in cases involving the custody of children is well settled that the primary concern of the courts is the welfare and best interest of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836.
The jurisprudence is likewise well settled that it is ordinarily to the welfare *169 and best interest of young children that the mother be awarded their custody unless she is shown to be morally unfit or otherwise unsuitable. Drouin v. Hildenbrand, supra; Pepiton v. Pepiton, supra; Kieffer v. Heriard, supra.
Since there is not a scintilla of probative evidence to show that this mother is either morally or otherwise unfit to rear her child, she is entitled to preference as legal custodian. Drouin v. Hildenbrand, supra; Cannon v. Cannon, 225 La. 874, 74 So.2d 147.
For the reasons assigned, the judgment, in our opinion, is eminently correct and should be, and it is hereby, affirmed at defendant-appellant’s cost.
Affirmed.