REGAN, Judge.
The plaintiff, Elbert J. Gustin, filed this suit against the defendant, Grace Roullier Tregle, his divorced wife, endeavoring to obtain legal custody of two children born of their marriage, Rachel A. Gustin, and Joseph J. Gustin. He asserted therein that it would be in the best interest of these children for the court to award him custody since he had exercised parental authority and guidance and had overseen their school attendance since they came to live with him in May of 1970, approximately 18 months prior to suit.
The defendant answered and asserted therein that the plaintiff had been given physical possession of the children only on a temporary basis, because at that time he was unable to pay alimony and he could then best provide for them with the aid of his relatives. She denied, however, that she ever intended to surrender the legal custody of the children on a permanent basis. In addition the defendant combined with her answer a reconventional demand by virtue of which she sought to have the legal custody of the two children awarded to her.
After a trial on the merits, the lower court rendered judgment in favor of the defendant, awarding the legal custody of the two children to her on weekdays, and requiring that the children spend the week-ends with their father. The court further decreed that the plaintiff and the defendant were to share the children during the summer vacation period.
From that judgment, the plaintiff father has prosecuted this appeal.
The record discloses that the two minor children, Rachel A. Gustin and Joseph J. Gustin, were born of the marriage between plaintiff and the defendant. Rachel was born on October 28, 1958, and Joseph was born on November 20, 1960, their respective ages being 13 and 11 at the time of the trial in the lower court.
In February, 1969, the temporary custody of the children was granted to the defendant in a proceeding for a separation then pending in the Civil District Court for the Parish of Orleans. On May 20, 1970, the plaintiff husband obtained a judgment of separation from the defendant in this proceeding. However, this judgment was silent as to child custody. In May, 1970, shortly after the rendition of the judgment of separation, the defendant voluntarily gave the children to the plaintiff, who then began his actual, physical custody of the children.
The plaintiff father obtained a divorce on February 11, 1971, in the Civil District Court for the Parish of Orleans, but this judgment was also silent as to child custody. Shortly thereafter the plaintiff father remarried, and on June 2, 1971 the defendant mother married one Raymond Tregle. The children remained in the father’s physical custody, and on November 24, 1971, he filed the present suit to obtain their legal custody.
The evidence inscribed in the record reveals that because of an injury sustained by the plaintiff, he was rendered unable to properly support the defendant or their children. Upon application to the court in which the separation proceeding was pend *827 ing-, he received a reduction in his alimony and child support payment to a sum which was insufficient to enable the defendant to support the two children. Thereafter, the defendant voluntarily permitted the two children to reside with their father during the week, and on most weekends she kept them with her. The continuity of this situation was uninterrupted for all practical purposes from the time of her surrender of physical custody until the judgment appealed from.
There is no evidence in the record to disclose that the defendant is morally, mentally, or physically unfit, nor were there any unusual circumstances to justify depriving the defendant of the custody of her children. It is equally fair to state that the record shows, as the lower court found, that the plaintiff father is also quite fit to care for the children, and that the children developed exceptionally well during the period in which they were in his care. The record discloses no significant qualitative difference between the environment which either the father or the mother is capable of providing for the children.
The jurisprudence of Louisiana is uniform in its rationalization that the paramount consideration in determining to whom custody should be granted is always the welfare of the children.[1] The courts have generally reasoned that it is to the best interest of the children of a marriage to grant their custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody must not be denied unless she is morally unfit or otherwise unsuitable, and she should only be deprived of their custody in exceptional cases.[2]
On appellate review, the determination of a trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interest of the children from his total perception of the conduct and character of the parties and the children both in absolute terms and in terms of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of an abuse thereof.[3]
A situation somewhat similar to the one before the court presented itself in the case of Penton v. Penton.[4] In that case the mother sought custody of her four year old son, after having voluntarily surrendered custody to her former husband in 1969. On February 18, 1971, she petitioned for custody, alleging that her new marriage, together with a stable home and sufficient time to supervise the child, constituted a change of circumstances enabling her to care for him and justifying his return to her. The trial court denied custody, holding that the mother had not met the burden incumbent upon her of proving (1) that the circumstances in which the child was presently reared were detrimental to him and (2) that she could provide better surroundings than those presently being provided. On appeal, the mother argued that she had a right to custody superior to that of the father, that she should be awarded custody unless proved morally unfit or unsuitable, and that the burden imposed by the trial court did not apply in her situation since she had never been subjected to a determination of unfitness. The court of appeal reversed the lower court and awarded custody to the mother basing the decision to a great degree on the rationale of Estes v. Estes and Fulco v. Fulco, referred to above.[5]
*828 .In the present case there is nothing in the record to indicate that the trial judge abused the discretion placed in him by awarding the custody of the children to the mother. In the absence of such an abuse of discretion, we are constrained to affirm his judgment.
For the foregoing reasons, the judgment of the lower court is hereby affirmed. The plaintiff is to pay all costs of this proceeding.
Affirmed.

. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); and Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958).

. Estes v. Estes, supra; Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Drouin v. Hildenbrand, supra ; Boatner v. Boatner, 235 La. 1, 102 So.2d 472 (1958).

. Estes v. Estes, supra; Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955).

. 260 So.2d 5 (1972).

. See footnote 1, supra.