LOTTINGER, Judge.
This appeal is on a rule for change of custody filed by petitioner in rule, Judy Galloway Whitfield, against her ex-husband, Boyd Allen Whitfield. Petitioner seeks to be awarded the custody of one of the two children born of the marriage, namely Percy Lloyd Whitfield. The Lower Court rendered judgment in favor of defendant and dismissed the rule, and petitioner has taken this appeal.
On July . 25, 1969, the defendant was granted a divorce in which judgment he was granted the custody of both children of the marriage. Subsequently; the defendant tendered custody of Percy to the petitioner herein and Percy lived with petitioner until about July 30, 1973 when the defendant physically took the child from the custody of his mother by falsifying a kidnaping charge against her. This is a rule to change the custody of Percy L. Whitfield from defendant to petitioner. The Lower Court granted judgment in favor of the defendant and against petitioner dismissing the rule. The oral reasons granted by the Judge for such decision is as follows:
“Gentlemen, this is a typical custody case; where the mother and father are fighting about a child after one gets in *502 little better circumstances. As far as the Court is concerned, I don’t see any difference or any change in the circumstances of Mr. Boyd Allen Whitfield today than it was three years ago. /The mother at the time apparently was not concerned enough to go to Court and fight for the custody of her child. I don’t see any real changes in the circumstances other than the fact that she testified she is making more money and she feels like she is in better circumstances financially. The Court is going to leave custody exactly where it is.”
The jurisprudence of this state relative to custody, as reviewed in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 is as follows:
“The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958) and jurisprudence therein cited; see also Moosa v. Abdalla, 248 La. 344, 178 So.2d 273.
The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958); Boatner v. Boatner, 235 La. 1, 102 So.2d 472 (1958); Tullier v. Tullier, 140 So.2d 916 (La.App.1962) (citing numerous decisions of this court to such effect).
When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); Nugent v. Nugent, 232 So.2d 521 (La.App.1970) (citing numerous court of appeal decisions to such effect) .
Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952).
When we apply these accepted principles which govern custody proceedings and the review thereof, we are unable to hold that the trial judge erred in continuing custody in the mother, subject to her continued reformation from any previous course of open indiscretion and probable immorality. These young children have been with their mother since they were born. There is no showing that the mother was not providing a good and moral home for them at the time of custody hearing below, nor that any conduct on her part is having any adverse effect upon their welfare. The purpose of a custody determination is not to punish a parent for any past misconduct, it is rather to serve the best interests of the children of the marriage.
The husband urged several other grounds for a change of custody, but *503 neither the trial court nor the court of appeal found them worthy of mention. The evidence does not support such other alleged grounds for change of custody.”
Now the evidence brought before us discloses that the divorce decree to which we have above referred was gained by the defendant through default. At that time the petitioner apparently did not have sufficient interest in the custody of her children so as to fight for it. She does not here seek the custody of her other child, Fred Allen Whitfield.
Of course, as is the usual case, the petitioner now contends that the circumstances have changed. One witness for the petitioner testified that she personally observed the defendant’s present wife grab the boy by the hair and hit him on the face at the same time using obscene language. She further testified that defendant and 'his present wife lived in the same house with each other in the presence of these two children before their marriage.
The petitioner herself testified that she is the owner of a lounge and hotel. The hotel contains twelve rooms which are rented for Five dollars a night. She testified that these rooms were rented mostly to construction workers.
The petitioner testified furthermore that she did not work in the lounge or bar but that she only did bookwork. The petitioner further testified that she had been committed to Mandeville at about the time of the divorce where she stayed for six days before her husband came and finally took her out. She lived with him for seven months after the divorce was granted claiming that she did not know that the divorce has been granted.
In a case of this type a great deal rests upon the credibility of the various witnesses. This is why much discretion is allowed the Lower Court as stated in Fulco v. Ful-co, supra. The witnesses are present to testify before the Judge of the Lower Court and it is one of his burdens to determine who is telling the truth and who is not.
We do not feel that the Lower Court has clearly abused its discretion and therefore the judgment of the Lower Court will be confirmed.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Affirmed.