321 So.2d 405 (1975)
Cathy Ellen CARAWAY, Plaintiff-Appellee,
v.
John David CARAWAY, Defendant-Appellant.
No. 12708.
Court of Appeal of Louisiana, Second Circuit.
October 1, 1975.
Rehearing Denied November 6, 1975.
Writ Refused December 19, 1975.
*406 Campbell, Campbell, Marvin & Johnson by James M. Johnson, Minden, for defendant-appellant.
Holloway, Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellee.
Before BOLIN, HALL and DENNIS, JJ.
En Banc. Rehearing Denied November 6, 1975.
BOLIN, Judge.
This appeal involves two suits arising out of the marriage, separation, and divorce of John David Caraway and Cathy Ellen Caraway. Mr. Caraway brought the first suit in which he sought the annulment of a divorce judgment obtained by Mrs. Caraway. The second suit involves a rule brought by the wife against her former husband ordering him to show cause why she should not be given custody-in-fact of their child, why past due child support should not be made executory, and why she should not be awarded alimony. The husband reconvened seeking to be relieved of liability for the past due alimony and to be awarded legal custody of the child. The two suits were consolidated for the purpose of trial in the lower court.
*407 The wife filed an exception of no cause of action to the husband's petition to annul the divorce decree. The trial court sustained this exception and dismissed the husband's petition to annul. On trial of the rule the court awarded custody of the child to the wife but refused to make the past due child support executory and declined to give alimony to the wife.
The husband appealed from the dismissal of his petition to annul and from the award of child custody to the wife. The wife answered the appeal and alleged the trial court erred in refusing to make the past due child support executory. We affirm that part of the trial court's judgment which dismissed the husband's petition and refused to make the past due child support executory. We reverse the trial court's award of custody to the wife.
The parties were married on May 12, 1972. The couple had one child, Christy Ellen Caraway, who is now three years old. On December 13, 1972, the husband filed suit for a separation from bed and board, and he obtained a default judgment on January 5, 1973. The decree granted temporary custody of the child to the wife and awarded her $50 per month child support.
On November 7, 1973, the wife filed suit for divorce. The attorneys who had represented the husband in his separation suit were now representing the wife in her divorce action. The husband was served personally but did not answer the wife's petition. A preliminary default was taken on November 27, 1973, and was confirmed on May 7, 1974. The wife was given custody of the child and $40 per week child support under this divorce decree.
On June 14, 1974, the husband filed the present suit to annul the divorce judgment under the authority of Louisiana Code of Civil Procedure Article 2004, which provides in part:
"A final judgment obtained by fraud or ill practices may be annulled."
The husband made two allegations of ill practices in his petition to annul: First, the attorneys who represented him in his suit for separation from bed and board later represented his wife in her divorce suit; second, after personal service was made upon him on November 8, 1973, his wife assured him she did not intend to go through with the divorce. On May 6, 1974, she informed him the suit was set for trial the next morning. The husband avers he did not feel his wife was being truthful with him and that in any case, he did not have time to employ an attorney to defend him in the matter. Consequently, he did not appear at the trial on May 7, 1974, and a default judgment was entered against him.
Accepting these factual allegations as being true, the trial court nonetheless held that the husband had failed to state a cause of action and dismissed the husband's petition to annul. We agree with that decision.
Although Mr. Caraway has alleged that the conduct of the attorneys in this case is an ill practice, it is not sufficient grounds to annul the judgment under the authority of C.C.P. Article 2004. The husband does not allege any prejudice to him by the dual employment or any ill practice by the attorneys in obtaining the divorce judgment.
While we do not condone the wife's action, we find her conduct did not constitute an ill practice sufficient to support a cause of action to annul a judgment. The husband was personally served. He had notice that the case was to be tried on May 7. Mr. Caraway was not uneducated or unfamiliar with legal proceedings. For reasons of his own, he chose not to appear and defend the suit. He will not be relieved of the consequences of that decision. The judgment of the trial court sustaining the exception and dismissing the husband's petition for failure to state a cause of action is affirmed.
We now turn to the issues presented on appeal from the proceedings in the wife's *408 rule to show cause. The first issue is the trial court's refusal to make past due child support executory.
The wife was given legal custody of the child in both the judgment of separation and the divorce decree. However, the husband has had custody-in-fact of the child for practically the entire time the parties have been separated. The judgment of divorce was rendered on May 7, 1974. The wife left the child at the time of the husband and his parents in the first part of June, 1974. The child remained with the husband from that time until trial of the rule on February 18, 1975. The husband did not make child support payments to his wife while the child was in his custody. Under these facts, the trial court refused to make past due child support executory because the child was in the physical custody of the husband and actually supported by him for the period during which the wife seeks past due child support.
The general rule in Louisiana is that a judgment for child support remains in full effect in favor of the party to whom it is awarded until the party held liable applies to the court and obtains a modification. Wallace v. Wallace, 316 So.2d 496 (La.App. 2d Cir. 1975) and Granger v. Granger, 193 So.2d 898 (La. App. 3d Cir. 1967), and cases cited therein. "No discretion is vested in the trial court to make past due support executory once it has been established and properly applied for." Theriot v. Mclancon, 311 So.2d 578 (La.App. 3d Cir. 1975).
However, our jurisprudence does recognize that a wife may waive her rights under a previously awarded alimony judgment. Duplechan v. Duplechan, 270 So.2d 264 (La.App. 3d Cir. 1972).
In Silas v. Silas, 300 So.2d 522 (La.App. 2d Cir. 1974), writs refused, the wife was given custody of the children and child support of $400 per month pursuant to a judgment of separation. Later, the wife voluntarily placed the children in the husband's custody for a period of eight months. In the wife's rule to regain custody of the children and to make past due child support payments executory, this court affirmed the trial court's decision to allow a credit for that period of time during which the children were in the husband's custody.
In the present case the wife was given custody of the child and awarded $40 per week child support pursuant to a divorce decree. Three weeks after its rendition, she voluntarily placed the child in the husband's custody where the child remained until trial of the wife's rule to regain custody and make past due child support executory. On these facts the case is indistinguishable from Silas, supra. Therefore, we hold that where the wife voluntarily places the only child of the marriage in the custody of the husband for an extended period of time, the husband is entitled to credit for such period of time on any past due child support. Accordingly, the judgment of the trial court refusing to make past due child support executory is correct.
The final issue presented in this appeal concerns the trial court's decision to maintain the wife's legal custody of the child. The wife has had legal custody of the child under both the judgment of separation and the divorce decree. However, the child has been in the husband's physical custody for almost the entire time the parties have been separated because Mrs. Caraway has twice abandoned sole responsibility for care of the child to Mr. Caraway.
Prior to the divorce the wife lived with her divorced father, his girl friend and her two children, and her brother. Mrs. Caraway provided the sole means of support for all these persons out of Mr. Caraway's child support payments and by working part time as a waitress.
Because of difficulties at home, Mrs. Caraway took the child to her husband a few weeks after the rendition of the divorce *409 judgment and then left town. She was later arrested in Natchitoches and Leesville as a runaway. She was sent to the State Girl's School at Pineville and remained there from September 19, 1974, until January 24, 1975. At trial Mrs. Caraway testified she planned to leave town again as soon as possible to go to Many. She did not know where she would stay or how she would support herself or her child. She admitted she could not care for the child at the time she left her with the husband and his family. She also testified they had given the child between care than she could have. At the time of trial, Mrs. Caraway was 17 years old and unemployed.
The trial court stated in oral reasons for judgment that the wife was immature and that her actions to date had not "indicated that she is stable and so forth to an extent that she can care for a child". He acknowledged that the child had been well cared for while in the husband's custody. Nevertheless, the court, citing the maternal preference rule, decided the mother should be given another chance to care for the child.
Child custody cases are most difficult and our courts must look to prior decisions of our Supreme Court for guidance. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), enunciated the following principle:
"(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958) and jurisprudence therein cited; see also Moosa v. Abdalla, 248 La. 344, 178 So.2d 273.
"(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958); Boatner v. Boatner, 235 La. 1, 102 So.2d 472 (1958); Tullier v. Tullier, 140 So.2d 916 (La.App. 1962) (citing numerous decisions of this court to such effect).
"(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); Negent v. Nugent, 232 So.2d 521 (La.App. 1970) (citing numerous court of appeal decisions to such effect).
"Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. . . ." (Citations omitted)
The maternal preference rule referred to in Fulco establishes a rebuttable presumption that the best interest of a child is better served by granting custody to the mother rather than the father. This *410 court stated in Welch v. Welch, 307 So.2d 737 (La.App. 2d Cir. 1975):
"However, in actual operation, the maternal preference rule, instead of providing a complete guide for a decision of the custody issue, appears only to establish a presumption that the interest of a child will be better served by placing him in custody of the mother. Furthermore, the presumption appears to be a rebuttable one which must yield to convincing evidence that the greater advantage of the child will be served by entrusting his care to the father."
See also Ard v. Ard, 210 La. 869, 28 So.2d 461 (1946) and Murphy v. Murphy, 293 So.2d 909 (La.App. 2d Cir. 1974).
In the instant case, the mother has little to recommend her for custody of the child other than her biological tie of parenthood and professed desire to take care of the child. She has abandoned the child to the husband on two previous occasions; consequently, the child has been in her custody for only a few weeks since she was six months old. Her actions show her to be immature, irresponsible, and unstable. She declares she now wants a second chance to care for her child, but her other testimony does not exhibit any increase in maturity or stability. Her statements and actions have effectively rebutted any maternal preference running in her favor.
In contrast, the husband has shown that he can provide a good home for his daughter. He is employed by the telephone company and makes an adequate salary. He spends time with his child at night. His mother cares for the child during the day and takes the child to church on Sunday. With the exception of a few weeks, the child has lived solely with the father and his parents since she was six months old. The husband has shown that he can provide a better environment for the child than can the wife.
Mrs. Caraway's conduct shows that she is unfit at this time to have custody of the child. On the other hand, Mr. Caraway has in the past and can in the future provide a stable home environment for his daughter. Accordingly, we reverse the trial court's judgment awarding custody to Mrs. Caraway.
For the foregoing reasons the judgment appealed from is reversed insofar as it awarded custody of Christy Ellen Caraway to Cathy Ellen Caraway; and it is now ordered that there be judgment awarding the custody of the child to John David Caraway.
It is further ordered that Cathy Ellen Caraway have judgment for child support in the sum of $40 per week from February 21, 1975, through the date of rendition of this judgment.
The judgment is affirmed insofar as it rejects the action of John David Caraway to annul the divorce previously rendered in favor of Cathy Ellen Caraway and denies Cathy Ellen Caraway's request for past due child support payments accruing prior to the filing of this proceeding.
The judgment is hereby amended to relieve John David Caraway of the obligation of payment of child support to Cathy Ellen Caraway after the date of rendition of this decree.
All costs of these proceedings are assessed equally against plaintiff and defendant.