WATSON, Judge.
This matter was initiated by the filing of a petition for a writ of habeas corpus by plaintiff, Margaret Ann Schramm, against the defendant, James Dawson Simpson, seeking custody of the 13-year-old boy born of their previously existing marriage. The child’s name is William Todd Simpson and he has three older siblings: J. D., age 15; Kerry, age 17; and Jamie, age 20 and a major. All of the minor children were placed in the custody of Mr. Simpson pursuant to a judgment in divorce proceedings between the parties on December 16, 1975.
Following the filing of the petition for writ of habeas corpus, the defendant, Simpson, filed a motion to dismiss which was taken up in limine.
The motion to dismiss was based on the contention that the previous custody award was a “considered decree” and that the habeas corpus proceeding was not the proper vehicle to pursue a change of custody.
The trial court denied the motion to dismiss, choosing to consider the petition filed as a petition for a change of custody and not as a petition for writ of habeas corpus.
The matter was then heard with both parties producing witnesses in support of their respective contentions. The plaintiff testified that she is now remarried to one Schramm; that she has a good home; that *424 the grades of the child (who is referred to in the proceedings as “Todd”) have dropped; that he is left alone or in the custody of the 17-year-old; and that Todd has requested that he come and live with her. Her present husband, Marlin L. Schramm, testified that he is a retired chief master sergeant of the Air Force and that he is now working as service manager of K-Mart; that he is also divorced from his former wife, but that he would like for the child to come and live with him and the present Mrs. Schramm.
The plaintiff’s minister, Rev. Roy Re-mont, testified that the Schramms have a good home.
The child, William Todd Simpson, testified quite candidly that he would prefer to live with his mother; that he has been unhappy since the divorce proceedings; and that he has not been able to visit with his mother as often as he would like. He testified that the idea of changing his custody originated with him and not with his mother.
The defendant, James Dawson Simpson, testified that he works for Texas Gas Company as district manager, that he has been very active in the various parents’ organizations of the school which his children attend; that he is a member of a Baptist Church in Pineville, and that he, Todd and the other brother, J. D., have been very active in summer baseball programs. He testified that he wanted Todd to remain in his custody and that he was doing his best to make a good home.
J. D. Simpson, Jr., the older brother, testified that his father was seldom away from home unless he and Todd were along at baseball games. J. D. suggested that his mother had on one occasion beaten Todd severely because of poor grades. Jamie Simpson, the oldest sister who now attends LSU, testified that in her opinion her father was making a good home for the children and that he was doing the best he could under the circumstances.
The trial court denied the petition, holding that the only evidence in favor of the change of custody was the desire of Todd himself. Nothing in his present situation was found to be injurious to the youth’s welfare, and the court said his best interests would be served by keeping him with his brother and sister in the custody of Mr. Simpson. The trial court expressed reluctance to remove the child from his present school and his association with his acquaintances of several years and held, in effect, that plaintiff had failed to prove the welfare of the child would be best served by a change of custody.
On appeal, the issue is whether the trial court abused its discretion in denying the change of custody.
The record supports the observation of the trial court that the only factor in favor of changing the custody is the expressed desire of the youth. In Louisiana, the wishes of the child are not controlling as to custody or visitation rights but may be considered as a factor along with all other circumstances. Holley v. Holley, 158 So.2d 620 (La.App. 3 Cir. 1963).
It is better to keep siblings together than to split them between parents. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969).
Much of the argument in this court and in the trial court has centered on the question of whether the divorce judgment awarding Simpson the custody of Todd and the other children was a “considered decree” and the consequent legal effects. The attorneys are referring, of course, to the third of the four legal principles set forth in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), which the Supreme Court prescribed as governing child custody decisions. The four principles are as follows:
“(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958) and jurisprudence therein cited; see also Moosa v. Abdalla, 248 La. 344, 178 So.2d 273.
“(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, *425 especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958); Boatner v. Boatner, 235 La. 1, 102 So.2d 472 (1958); Tullier v. Tullier, 140 So.2d 916 (La.App.1962) (citing numerous decisions of this court to such effect). “(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillo-ry, 221 La. 374, 59 So.2d 424 (1952); Nugent v. Nugent, 232 So.2d 521 (La.App.1970) (citing numerous court of appeal decisions to such effect).
“(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952).” 254 So.2d 605-606.
The ruling in the trial court, maintaining custody with the father, follows the principles of Fulco, and applies especially the first principle, finding that Todd’s best interests would be served by remaining with his siblings in the familiar environment of his father’s home. The second principle was not particularly applicable since Todd is not a child of tender years. As to the third principle, the trial court, as we understand the record, did not deem the divorce judgment of December 16, 1975 a considered decree. Therefore, the trial court did not place “a heavy burden” on the mother seeking the change of custody and she cannot complain on appeal. As to the fourth principle, there is no clear showing of an abuse of discretion by the trial court and the ruling will not be disturbed.
For the reasons assigned, the judgment is affirmed.
Costs are taxed against plaintiff-appellant.
AFFIRMED.