365 So.2d 563 (1978)
Sandra HAYS
v.
James O. HAYS
No. 12318.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
John B. Williams, Baton Rouge, for appellee.
Kenneth L. Riche, Baton Rouge, for appellant.
Before ELLIS, BLANCHE and LOTINGER, JJ.
ELLIS, Judge.
This is a custody case, in which James O. Hays is attempting to gain custody of Jamie Carol Hays, age 12 and James O. Hays, Jr., age 9, from his former wife, Sandra Hays. After trial on the merits, judgment was rendered awarding custody to Mr. Hays, and Mrs. Hays has appealed.
*564 Mrs. Hays was first awarded custody by stipulation of the parties on January 15, 1976. This custody award was maintained, also by stipulation, in the judgment of separation on March 12, 1976, and the judgment of divorce on June 17, 1977. This custody rule was filed by Mr. Hays on January 16, 1978.
The prayer for change in custody is based on various allegations of misconduct on the part of Mrs. Hays and her former fiance; of infliction of unduly severe punishment on the children by the fiance; of a fear that the fiance might use drugs around the children; and that Mrs. Hays is careless in the handling and storage of drugs. None of these allegations was proven. After hearing the evidence, the trial judge found that neither of the parties to the rule had led exemplary lives, but that their misconduct was not such as to render either of them unfit to have custody of the children. Without detailing the evidence, we find no error in his conclusion.
The record also reveals that Mrs. Hays is a licensed practical nurse, and is employed at Lane Memorial Hospital in Zachary, Louisiana. She works the night shift, from 11:00 p. m. until 7:00 a. m. For that reason, she has had to provide sitters for the children at night, while she is at work. At the time of trial, she was taking the children to the home of a Mrs. Leet in Zachary, where they would sleep, and receive breakfast in the morning. Mrs. Hays would pick them up after she got off work, and take them to their home in Baton Rouge, where they could catch the bus to school.
Mr. Hays had married, shortly before the rule was filed, a woman with whom he had been living for some six months. After his marriage, he bought a four-bedroom home, where he proposed to keep the children. At the time of trial, the second wife testified that she was working full time, but that arrangements could be made to see the children off to school in the morning, and to have someone in the house when the children were at home.
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), the court set forth the following principles governing custody awards:
"(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958) and jurisprudence therein cited; see also Moosa. v. Abdalla, 248 La. 344, 178 So.2d 273.
"(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532 (1958); Boatner v. Boatner, 235 La. 1, 102 So.2d 472 (1958); Tullier v. Tullier, 140 So.2d 916 (La.App.1962) (citing numerous decisions of this court to such effect).
"(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); Nugent v. Nugent, 232 So.2d 521 (La.App. 1970) (citing numerous court of appeal decisions to such effect).
"(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the *565 issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952)."
Since the rendition of the opinion in the Fulco case, supra, the maternal preference rule has been seriously eroded, not only by a number of judicial decisions, such as Welch v. Welch, 307 So.2d 737 (La.App. 2nd Cir. 1975), and Caraway v. Caraway, 321 So.2d 405 (La.App. 2nd Cir. 1975); but by the 1977 amendment of Article 157 of the Civil Code, which now provides:
"Art. 157. A. In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children. Such custody hearing shall be held in private chambers of the judge. In no event shall the pendente lite custody rights presently existing be affected by this Act. The party under whose care the child or children is placed, or to whose care the child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died."
The Supreme Court has, however, reaffirmed its rule that a party seeking a change of custody bears a heavier burden of proof if there has been a considered custody decree previously rendered in the case. Monsour v. Monsour, 347 So.2d 203 (La. 1977).
In this case, there has been no "considered decree", since the mother received custody initially as a result of stipulations made by her husband and herself. The test to be applied in this case, therefore, is what is in the best interest of the children. However, we think that certain guidelines must be considered, including the experience of the children while in the custody of the mother, and the rebuttable presumption that "the interest of a child will be better served by placing him in custody of the mother." Welch v. Welch, supra. Under the Welch and Caraway cases, the father must produce "convincing evidence that the greater advantage of the child will be served by entrusting his care to the father" if he is to prevail.
In this case, the trial judge found no difference between these parents insofar as their moral fitness to have the custody of the children is concerned. He awarded custody to the father because he did not believe it was in the best interest of the children to have to sleep at a sitter's house every night while their mother worked, and thought the father could offer a more stable environment. We find that in so doing, he abused the great discretion accorded him in custody cases.
These two children have been with their mother since the initial separation, a period of over two years. During this time, they have been well cared for and appear to be well adjusted and happy children. The younger child has a reading disability, and his mother has provided special tutoring for him to correct the condition. The circumstances of the mother's employment have been the same during this time, and the husband was willing to stipulate, on the occasions of the separation and the divorce, that the mother was a proper custodian for the children. The only change in the circumstances of these parties has been the marriage of the husband to his paramour, and his purchase of a house.
We think that this record shows that the mother has proven that she can care for her children properly, despite difficulties caused by her working conditions. We do not believe that the father has furnished "convincing evidence that the greater advantage of the child will be served" by granting him custody.
The judgment appealed from is therefore reversed, and there will be judgment in favor of Sandra Hays and against James O. Hays, dismissing the custody rule, at his cost.
REVERSED AND RENDERED.