GUIDRY, Judge,
concurring.
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971), our Supreme Court set forth clear and understandable guidelines which should be followed in custody matters, whether .he matter involves the initial award of custody or an application to change custody. I do not agree that LSA-C.C. Article 157, as most recently amended by Act 718 of 1979, legislatively overrules or supersedes the decision in Fulco, supra. The guidelines set forth in Fulco are based upon sound sociological principles, the application of which insures, in my judgment, the desired result in all custody matters, i. e., a custody disposition which will be in the best interest of the children. I agree with the result in the instant case because I find, applying the principles set forth in Fulco, supra, that a change in custody is warranted and in the best interest of the two year old child, Lamont.
I seriously disagree however, with the trial judge’s refusal to also award custody of the older child, Larry, age 5, to plaintiff-appellee. The record reflects that the trial court awarded custody of Lamont to his father because of defendant-appellant’s callous indifference towards her duty of rearing Lamont and providing him with a stable home. My review of the record reflects that this indifference of her duty as a parent was equally demonstrated as concerns Larry. In this regard plaintiff-appel-lee testified as follows:

“Well, like I said, she is not providing them a stable home and the reason that she doesn’t keep the baby is because that she doesn’t have time, period, and the only reason she keeps the oldest is because he has to go to school, so she had to keep him. During the summer she kept neither one of them.”

The record as a whole supports a finding that only when it became convenient during the school year did defendant take Larry back into her home. During the summer months he, like his younger brother Lamont, was cared for almost entirely by his maternal aunt. Further, the trial court judgment results in the separation of children of a family, a circumstance which *532 courts should seek to avoid. As set forth in Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969):

“The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity . . .”.

See also Rose v. Rose, 177 So.2d 659 (La.App. 3rd Cir. 1965); Swann v. Young, 311 So.2d 617 (La.App. 3rd Cir. 1975); and, Schramm v. Simpson, 343 So.2d 423 (La.App. 3rd Cir. 1977).
Although, in my opinion, the trial court clearly erred in failing to also award custody of Larry to his father, we are without jurisdiction to consider a revision of said judgment in that plaintiff-appellee has neither appealed nor answered the appeal of defendant-appellant. LSA-C.C.P. Article 2133; Ellis v. Edmundson, 301 So.2d 720 (La.App. 3rd Cir. 1974); Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976).
For the above reasons I respectfully concur.