63 So.2d 11

**SAMPOGNARO v. SAMPOGNARO.**

No. 40000.

Jan. 12, 1953.

Dhu and Lea S. Thompson, Monroe, for plaintiff-appellant.

Kenneth Rigby, Shreveport, for appellee.

MOISE, Justice.

On December 12, 1947, plaintiff was granted an absolute divorce from his wife, and was given the custody of their two minor children. He was condemned to pay his wife $25 per month alimony. Defend-ant appealed, and this judgment was modified to the extent of granting the wife the care, custody, and control of the two children, and increasing the alimony, because of their award to defendant, to $75 per month. 215 La. 631, 41 So.2d 456. This judgment, however, was never executed and, according to the stipulation in the record, the children continued to remain with the father who supported and educated them. The plaintiff paid his wife $25 per month alimony.

On July 9, 1949, the father filed a rule seeking the modification of our judgment as to the custody of the children, alleging that they had always remained in his custody. He urged that the alimony be reduced from $75 per month, which was granted to the mother with the custody of the boys, to $25 per month, without their custody.

In answer to this rule, the defendant wife prayed that plaintiff's demands be rejected, and, in reconvention, she sought to have the plaintiff condemned to surrender the custody of the children to her and to pay alimony of $200 per month for the support of herself and the two boys, and, that he be assessed $50 as attorney's fees. She prays for accrued alimony.

On July 14, 1949, the trial court dismissed the rule on the belief that the decision rendered by this court was all controlling. This is true and his belief is correct, because, ordinarily such decision is final. However, this matter presents an

exception. The record on this appeal, which we have carefully studied, reflects conditions and circumstances that fully justify a change in our former decision.

In our original opinion, we granted the custody of the minors to the mother, adhering to the rule of awarding her such custody when, as is the case here, it had not been shown that she was an unfit person for such trust. However, the stipulation of facts shows that at the time the wife was awarded the custody of the children and alimony in the sum of $75 per month, in an effort to carry out the judgment directed by this Court, the trial judge, in open court, actually had the husband produce the two boys, and the judge physically turned them over to the wife. Nevertheless, as is stipulated, after leaving the court room, the oldest boy informed his mother that he was over seventeen years of age and refused to go with her to her home in Shreveport. Thereupon, the younger child, who was under seventeen, advised the mother that he was not going with her. The mother did not force the boys to accompany her but left them at the courthouse, and since then, they have continuously remained with the father.

█ More than three and a half years have passed since the rendition of our judgment. Both boys are now nearing young manhood. They have continuously remained in the father's household and no attempt has been made to remove them. There is no doubt but that they are happy and content to remain with the father. For reasons best known to her, the mother has not insisted upon the execution of the judgment as to the custody of the boys. Certainly, it would seem unjust and unfair at this stage of their lives to force them, through compulsion, to become uprooted and thrown into an entirely new environment, and particularly, from close family ties to broken ones, against their own desires and wishes. Both of these boys are old enough to understand and appreciate an unfortunate situation. Likes and dislikes cannot be controlled by law. No court can obtain jurisdiction of the human heart. Primarily, we are concerned with the welfare of these boys. Without doubt, in this instance, their welfare will be protected and best promoted by continuing their custody in the father.

█ The jurisprudence is that where once there has been an award of alimony it remains in full force and effect until the aggrieved party applies to the court and is granted a modification thereof. Cotton v. Wright, 193 La. 520, 536, 190 So. 665; Snow v. Snow, 188 La. 660, 177 So. 793; Hillman v. Gallant, 148 La. 82, 86 So. 661; LSA–C.C. Art. 160, as amended.

For these reasons, the judgment of the district court on the rule is reversed and set aside, and

█ It is now ordered that the custody of the children, Joseph S. Sampognaro and John Sampognaro, is granted to the father, Russell Sampognaro, plaintiff; that the ali-

mony for the wife, Mrs. Sarah Cordaro Sampognaro, defendant, is fixed at $25 per month; and that the wife is allowed the back alimony due up until the date of the filing of the rule to reduce the alimony. Plaintiff to pay all costs.