159 So.2d 537 (1984)
Vergy Robert HEBERT, Plaintiff-Appellee,
v.
Louise HEBERT, Defendant-Appellant.
No. 1007.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1964.
*538 Nathan A. Cormie, Lake Charles, for defendant-appellant.
Ralph J. Hanks, Lake Charles, for plaintiff-appellee.
*539 Before TATE, FRUGE and SAVOY, JJ.
TATE, Judge.
This is a proceeding by a father to obtain the permanent custody of a minor child. The trial court awarded custody to the plaintiff father, who was also held liable for $255.00 upon the defendant wife's reconventional demand for previously unpaid child support alimony.
The defendant mother appeals. The questions raised by her appeal concern: (1) the award of custody to the father; (2) the amount of past-due alimony awarded to her.
1. Custody of the child.
In 1961, the defendant mother was initially awarded custody of the child of the marriage, incidental to divorce proceedings. This boy is now six years of age.
In March of 1962, in non-civil juvenile proceedings to declare the minor a neglected child because of a severe beating it had received, the father was given temporary possession of the boy. The trial court found that the evidence was insufficient to hold that the child was neglected, and in June 1962, therefore, the child was returned to the mother.
The father thereafter filed the present custody proceedings in December of 1962 to secure a change in the 1961 divorce decree provisions granting custody of the child to the defendant wife.
The husband, as the party requesting a change in the custody decree, is required to establish that because of a change in circumstances following the initial decree, the best interest and welfare of the child will best be served by a revision of the custody judgment. Gary v. Gary, La. App. 3 Cir., 143 So.2d 411, 413, certiorari denied, and jurisprudence therein cited.
The trial court held that the plaintiff husband had indeed met this heavy burden. It found that the evidence established that the mother was providing an unsuitable and uncertain environment for the child and that the home of the father, who has remarried, will give stability and loving care to the child in a proper and decent environment. The court therefore concluded that the child's best interest and welfare will be served by the father's custody instead of the mother's, subject to reasonable visitation with the mother.
The preponderance of the evidence upon which these findings were based included:
The 1962 child neglect proceedings were based upon a severe beating given the child by his mother's "boy friend", an air force sergeant separated at the time from his own wife. The mother often left the little boy with this man at the time.
After the child neglect proceedings were dismissed in June of 1962, the child was returned to the mother's custody. Following this, she and the sergeant maintained an apartment together for about three months, at which the sergeant and the mother spent much time together, although they contended they did not commit adultery. During the week, the child stayed with relatives, since the mother worked at night; the little boy did stay with his mother in the apartment on weekends. Soon after this custody suit was filed, the sergeant and his wife were reconciled, and he has since moved from this area.
In addition, the mother changed her residence several times in several months, with different arrangements for custody of the child by different people, since the mother's night-time or early-morning work hours necessitated them.
On the other hand, aside from the beating incident, the record indicates that the child was maintained neatly and nicely during his mother's custody and that while with her he was an honor-roll student at school. In addition, commencing about a month before the trial, the mother returned with the child to her own father's home in *540 North Louisiana, where more regular and more permanent care arrangements were possible.
The appellate decisions have established several well settled principles here applicable:
Normally, the welfare of small children is best served by permitting the mother to retain custody; nevertheless the mother's primary right must yield to the superior right of the State to deprive her of the care and possession of her child, in the event the physical, mental, and moral welfare of the child requires it. Further, certain discretion is allowed the trial court in custody matters; its conclusions and findings therein are entitled to great weight, since reasonable latitude must be left to the trial court's interpretation of the facts in such cases; determinations as to custody reached by the trial court will therefore not be set aside on appeal, except where abuse of discretion is clearly indicated or where the custody judgment is based upon incorrect legal principles.
See: Messner v. Messner, 240 La. 252, 122 So.2d 90; Drouin v. Hillebrand, 235 La. 810, 105 So.2d 532; Decker v. Landry, 227 La. 603, 80 So.2d 91; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836.
Applying these principles, we find no abuse of discretion of the trial court in its awarding custody of the child to the plaintiff father and in its determination that the child's welfare is so best served. That is, under all the circumstances reflected by the record, we find no manifest error in the trial court's finding that the mother's custody afforded the child an unstable and unsuitable environment which might have an adverse effect upon the child's future moral development. (The evidence also reflects unquestionably that the father is able to afford the child a fine home in which he has been very happy on his visits and during his temporary custody there in 1962.)
In fairness, we should remark that the present defendant mother's conduct and the home life provided by her, is not much different than that proven in Messner v. Messner, 240 La. 252, 122 So.2d 90. In this case, the Supreme Court affirmed the trial court's refusal to remove the children from the mother's custody.
However, there the Supreme Court refused to set aside, as an abuse of discretion, the trial court's considered determination in the light of the totality of the evidence, that the children's best welfare was served by their remaining with their mother. We likewise refuse to set aside, as an abuse of its discretion in the matter, the present trial court's considered determination that the welfare of the child will be jeopardized if his custody is continued with his mother, when there is substantial evidence to support such a determination, which we cannot say is clearly erroneous.
We therefore affirm the trial court's award of custody to the plaintiff father.
2. Past-due alimony for child support.
The 1961 divorce decree awarded the mother alimony of $90 per month for the support of the minor child. The mother's reconventional demand in this custody suit prayed that she be awarded judgment herein for past-due alimony as provided by the divorce decree.
The evidence reflects that at the time of the trial below the defendant husband had paid a total of $510 less than that provided by the divorce decree during the period in question, due to his belief that his wife had agreed to accept the lesser amount of $50 per month while the husband had been recalled into the military service. Under the evidence, the trial court did not err in finding that the husband did not prove that the wife had indeed agreed to accept such reduction of alimony payments *541 in full satisfaction of liability under the alimony decree during that period.
However, the trial court allowed the defendant father credit for unpaid alimony of $255 for a period between March and June, 1962. During this time, the defendant mother had been deprived of the child's temporary custody while (non-civil) juvenile proceedings were pending to determine whether the child was neglected. (As earlier noted, these juvenile proceedings terminated in the finding that it was not proven that the child was neglected.)
In Louisiana an award of alimony, including that for child support, remains in full effect in favor of the party to whom awarded, until the party held liable applies to the court and is granted a modification thereof. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Williams v. Williams, 211 La. 939, 31 So.2d 170; Snow v. Snow, 188 La. 660, 177 So. 793. See also: 27B C.J.S. Divorce § 322(1)c, p. 686.
As stated in the Pisciotto decision, 71 So.2d 228: "* * * [A] judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law * * *. [A] reduction of alimony or a discharge from the obligation to pay it may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. * * *"
Thus, in the Sampognaro case above cited, the wife was held entitled to enforce the decree for the full amount for child support awarded, even though the children had actually lived with and been supported by the father during the interval for which the past-due alimony was sought. In the Pisciotto case, cited above, the wife was allowed to collect alimony for child support, even though the children had become emancipated by marriage or had become fully self-supporting, so that they were not actually dependent upon the mother during the period for which she collected past-due alimony.
We agree with the trial court that it is extremely inequitable to hold the husband liable for child support under the alimony decree for the nearly three months during which the mother did not in fact have custody of the child and during which the husband in fact actually supported the child. Although this did result from the official action of the juvenile court action in quasi-criminal proceedings, nevertheless under the jurisprudence this did not result in depriving the wife of her vested property right under the alimony judgment, in the absence of any judicial modification of such alimony judgment (or of a waiver by the wife of her rights thereunder).
The husband having failed to seek such modification of the alimony award at the time when the facts may have justified it, he cannot now seek relief after the pastdue alimony has accrued to his wife as a property right under the judgment in her favor.
For these reasons, we think that our trial brother incorrectly allowed a credit of $225 against past-due alimony for the period in question when the child was with the father. The judgment will be amended so as to increase by this amount the award of past-due alimony to the defendant wife.

Decree.
The award of past-due alimony in favor of the wife is increased from Two Hundred Fifty-five ($255.00) to Five Hundred Ten ($510) Dollars, together with legal interest; as thus amended, the trial court decree is affirmed in all other respects. The costs of this appeal are assessed one-half to each of the parties.
Amended and affirmed.