193 So.2d 898 (1967)
Mrs. Elwyn Manuel GRANGER, Plaintiff-Appellee,
v.
Vorhance GRANGER, Defendant-Appellant.
No. 1893.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1967.
*899 Paul C. Tate, Mamou, for defendant-appellant.
Donald Soileau, Mamou, for plaintiff-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, J.
FRUGÉ, Judge.
The plaintiff wife filed a rule under C.C.P. Art. 3945 to fix past due alimony allegedly owed by the defendant husband for support of their minor child pursuant to a judgment of separation from bed and board which awarded the custody of the child to the wife.[1] The facts of the case are not in dispute and are stipulated as follows:
1. A court order ordered defendant in rule, Vorhance Granger, to pay $50.00 per month to plaintiff in rule, Elwyn Granger, for the support of the minor child, Ferrel Granger. This order has not been rescinded, vacated or otherwise changed.
2. On June 1, 1964, until September, 1965, the minor child was placed in a Correctional School for Boys at Monroe, Louisiana.
3. During the period that the child was at the Correctional School (between June 1, 1964, and September, 1965) Vorhance Granger did not pay the plaintiff in rule any alimony.
4. Both Vorhance Granger and Elwyn Granger supplied the minor child, at various times, while he was at school, with some spending money and the necessities which the school did not afford him.
*900 5. That the child's commitment to the correctional institution was pursuant to R.S. 13:1561, et seq., "Juvenile Courts" and that the institution furnished all the child's necessities while the child was in its custody.
The issue thus presented to this court is whether a father is absolved of liability for past due alimony payments (child support) which have accrued while the child was temporarily removed from the mother's custody under the authority of the juvenile court.
Plaintiff contends that under Art. 3945 of the Code of Civil Procedure, supra, and the jurisprudence dealing with this point, that once the right to alimony has accrued under a valid and existing judgment, it is a vested property right and cannot be nullified or reduced by subsequent court action. Allen v. Allen, 136 So.2d 168 (La.App. 4th Cir. 1962); Elchinger v. Elchinger, 181 So.2d 297 (La.App. 4th Cir. 1965); Tarter v. Vinet, 184 So.2d 33 (La.App. 4th Cir. 1966).
On the other hand, the defendant argues strenuously that the juvenile proceedings in juvenile court incarcerating the child in a training institution had the legal effect of relieving the mother of the custody of the child and placing it in the exclusive care of the institution. Thus, the defendant argues, the father should not be held for accrued alimony payments representing a period of time when the custody of the child was vested by law in persons other than the mother.
The trial judge, basing his opinion on the Elchinger case, supra, held that in proceedings under Art. 3945 of the Code of Civil Procedure, no challenge to the propriety of the accrued alimony could be entertained. From this adverse judgment the defendant has appealed.
Though relied on by neither counsel, we feel that the ruling of this court in Hebert v. Hebert, 159 So.2d 537 (La.App. 3d Cir. 1964) is dispositive of the issue here presented. In the Hebert case, as in the present suit, the custody of the child was awarded to the mother as an incident to divorce proceedings. But, because of alleged maltreatment of the child, the father was given temporary custody in non-civil juvenile proceedings to declare the minor a neglected child. In these proceedings the trial court found that the evidence was insufficient to hold that the child was neglected and some four months later the child was returned to the custody of the mother. In a later civil suit filed by the father to modify the original custody order, the mother reconvened for past due alimony as provided by the original decree of divorce. On the reconventional demand the lower court found that the defendant husband had paid a total of $510.00 less than was required by the divorce decree, and, in holding the husband liable for past due alimony, allowed the father a credit of $255.00 representing the period that the child was in the temporary custody of the father pursuant to the non-civil juvenile proceedings. In disposing of the identical issue presented in the case at bar, this court used the following language in disallowing the credit to the father:
"In Louisiana an award of alimony, including that for child support, remains in full effect in favor of the party to whom awarded, until the party held liable applies to the court and is granted a modification thereof. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Sampognaro v. Sampognaro, 222 La. 597, 63 So. 2d 11; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Williams v. Williams, 211 La. 939, 31 So.2d 170; Snow v. Snow, 188 La. 660, 177 So. 793. See also: 27B C.J.S. Divorce § 322(1)c, p. 686.
"As stated in the Pisciotto decision, 71 So.2d 228: `* * * [A] judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law * * *. [A] reduction *901 of alimony or a discharge from the obligation to pay it may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. * * *'
"Thus, in the Sampognaro case above cited, the wife was held entitled to enforce the decree for the full amount of child support awarded, even though the children had actually lived with and been supported by the father during the interval for which the past-due alimony was sought. In the Pisciotto case, cited above, the wife was allowed to collect alimony for child support, even though the children had become emancipated by marriage or had become fully self-supporting, so that they were not actually dependent upon the mother during the period for which she collected past-due alimony.
"We agree with the trial court that it is extremely inequitable to hold the husband liable for child support under the alimony decree for the nearly three months during which the mother did not in fact have custody of the child and during which the husband in fact actually supported the child. Although this did result from the official action of the juvenile court action in quasi-criminal proceedings, nevertheless under the jurisprudence this did not result in depriving the wife of her vested property right under the alimony judgment, in the absence of any judicial modification of such alimony judgment (or of a waiver by the wife of her rights thereunder).
"The husband having failed to seek such modification of the alimony award at the time when the facts may have justified it, he cannot now seek relief after the past-due alimony has accrued to his wife as a property right under the judgment in her favor.
"For these reasons, we think that our trial brother incorrectly allowed a credit of $225 against past-due alimony for the period in question when the child was with the father. The judgment will be amended so as to increase by this amount the award of past-due alimony to the defendant wife." (159 So.2d 537, 541)
As can be seen from the preceding quotation, the father's remedy in this case was to seek a modification of the alimony award at a time when the mother was no longer supporting the child, for once the past due alimony has accrued, no modification of the award can be permitted under the rules established by the cited cases.
The appellant, Mrs. Granger, after oral argument in this court, filed a motion to dismiss the husband's appeal. This motion was based upon the contention that Articles 3942 and 3943 of the Code of Civil Procedure require that an appeal from a judgment awarding alimony be taken within a thirty day period and that the appeal in this suit was taken after the expiration of the delay provided by C.C.P. Article 3943. As suggested by appellant's reply to the motion to dismiss, it is our view that a contradictory motion to have the amount of past due alimony determined and made executory under C.C.P. Art. 3945 is not "a judgment awarding alimony" within the purview of C.C.P. Article 3943. As the Official Comments under Article 3945 note, the purpose of that article is to provide a speedy method for determining the amount of alimony due under a prior judgment granting such alimony, and to enable the Clerk of Court to determine the amount due for the purpose of the issuance of a writ of fieri facias. In our opinion, therefore, a rule to fix past due alimony under C.C.P. Article 3945 is not "a judgment awarding custody of a person or alimony" within the contemplation of C.C.P. Article 3943. Accordingly, the appellee's motion to dismiss the appeal is denied.
Although the judgment of the lower court awarded the plaintiff the sum of $800.00 as accrued alimony, counsel for both parties have agreed that, if any sum *902 is due, the proper amount for which the defendant might be held is $750.00. For the foregoing reasons, the award for past due alimony in favor of the wife is decreased from $800.00 to $750.00, together with legal interest, and, as thus amended, the decree of the trial court is affirmed in all other respects, the costs of appeal to be borne by the appellant.
Amended and affirmed.
NOTES
[1] Art. 3945. "When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony."