380 So.2d 672 (1980)
Laura Louise Moga, wife of Norris Paul DUBROC,
v.
Norris Paul DUBROC.
No. 11023.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1980.
Writ Granted March 21, 1980.
J. Wensles Parra, Jr., New Orleans, for defendant-appellant.
Roger Dallam, Gretna, for plaintiff-appellee.
Before REDMANN, LEMMON and SCHOTT, JJ.
SCHOTT, Judge.
Appellant, Norris Paul Dubroc, and appellee, Mrs. Laura Dubroc, were divorced on January 10, 1975, and in connection therewith appellee was given custody of their two minor children, a boy and a girl. Appellant was ordered to pay $250 per month as child support. Shortly after the divorce the parties agreed that appellant would take custody of the boy. Appellant testified that they agreed also that his child support payments would be reduced to $125 per month. From that time forward appellant paid and appellee accepted $125 per month until October, 1978, when she filed a rule, pursuant to LSA C.C.P. Art. 3945, to make past due support executory, claiming the additional $125 per month, and also to increase support for the girl to $500 a month.
The trial court made the alimony executory for three years in the amount of $4500. In his reasons for judgment, the trial judge also stated that appellee had denied in her testimony that she made the agreement with her husband to take the reduced amount, but he did not make a definitive ruling on whether or not she made such an agreement. He stated that his decision was based on Halcomb v. Halcomb, 352 So.2d 1013 (La.1977).
We find that the agreement was made. In addition to the unequivocal testimony of the appellant and the fact that the reduced payments were made by appellant and accepted without objection by appellee for over three years, her testimony on the point was inconsistent. While she did once deny making the agreement when asked by the court if she did she replied:
"I don't remember, I don't think so."
Then she repeated in response to a question by appellant's attorney:
"I don't really remember. The only thing I do remember, he took Aubry."
Halcomb v. Halcomb, supra, is distinguishable from the instant case. It involved unilateral reductions in child support by the father as each child reached the age of majority. In Henson v. Henson, 350 So.2d 979 (La.App.2nd Cir. 1977), Caraway v. Caraway, 321 So.2d 405 (La.App.2nd Cir. 1975), writs refused, 323 So.2d 479, and Silas v. Silas, 300 So.2d 522 (La.App.2nd Cir. 1974), writs refused, 303 So.2d 177, the child or children were originally placed in the mother's custody but were voluntarily *673 transferred by her to the father for extended periods of time. On the mother's claim for the full amount of past due support, the courts gave the father a credit and reasoned that the mother had waived her right to the full amount of child support under such circumstances. We agree with the results in these cases and conclude that appellant is entitled to a credit for the amount he was condemned to pay for the support of the boy, originally placed in appellee's custody but voluntarily placed by her in the custody of the father, especially since she agreed to take and actually did accept the reduced amount of support following her agreement.
Accordingly, the judgment making past due support executory is reversed and set aside, and there is judgment in favor of defendant, Norris Paul Dubroc, and against plaintiff Laura Louise Moga Dubroc, dismissing her rule. All costs are taxed against appellant.[1]
REVERSED AND RENDERED.
NOTES
[1] Even though appellee could have saved the cost of the transcript by agreeing to a stipulation of the facts proposed by appellant we tax costs against appellant considering the relative means of the parties, with appellant earning about $20,000 per year and appellee $85 per week.