399 So.2d 731 (1981)
Frances Vandersypen LACHNEY, Plaintiff-Appellant,
v.
Gordon Wayne LACHNEY, Defendant-Appellee.
No. 7869.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*732 Edward G. Randolph, Jr., Alexandria, for plaintiff-appellant.
Gordon Lachney, pro. per.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
This matter was previously before us on appeal. We remanded this matter to the trial court for completion of the record. Lachney v. Lachney, 391 So.2d 46 (La.App.3rd Cir. 1980). The matter has now been returned to us and although the record as now lodged with this court is still partially incomplete, we consider that it is sufficiently complete so as to permit the rendition of a judgment which is just, legal and proper.
The record reflects the following. Plaintiff and defendant were married on June 7, 1975 in Rapides Parish. They were judicially separated on March 27, 1978. In the judgment of separation plaintiff was awarded custody of the parties' minor child, Tammy Lynn, and defendant was ordered to pay child support to plaintiff in the amount of $125.00 monthly. On March 17, 1979 defendant, in the course of visiting his child, discovered the child severely bruised and suspected that the child had been physically abused. The defendant thereafter caused proceedings in the interest of the minor to be instituted in the Juvenile Court for the Parish of Iberville, Louisiana, where Tammy Lynn and the plaintiff then resided. Following a hearing in March of 1979 the Juvenile Court awarded temporary custody of the minor, Tammy Lynn, to the defendant, her father. The defendant retained custody of the minor, pursuant to this court order, until December 4, 1979 at which time the Juvenile Court ordered a return of custody of Tammy Lynn to the plaintiff. Immediately thereafter defendant instituted the instant proceeding seeking permanent custody of Tammy Lynn. Plaintiff also filed a rule seeking arrearages in child support allegedly due under the judgment of March 27, 1978, specifically, the sum of $937.50 allegedly due for the period during which the defendant had custody of the minor child under order of the Juvenile Court for the Parish of Iberville. The rules were consolidated for hearing. The trial court by judgment dated February 15, 1980, removed Frances V. Lachney as legal custodian of her minor child and awarded permanent care, custody and control of Tammy Lynn to her father. Additionally, the judgment dismissed plaintiff's demand for arrearages in child support. Plaintiff, has appealed from only that part of the judgment which denied her right to child support payments allegedly in arrears.
Although as aforestated the record on appeal is partially incomplete the parties do not dispute the fact that the minor child was in custody of her father from March 20, 1979 to December 4, 1979 under order of the Juvenile Court for the Parish of Iberville and that during such period the father made no child support payments pursuant to the judgment of March 27, 1978.
*733 The narrow issue on appeal is whether plaintiff's right to child support payments under the judgment of the Ninth Judicial District Court dated March 27, 1978, was suspended during the period of time that the defendant father had custody of the minor child under order of the Juvenile Court of Iberville Parish.
In support of her demand for reversal of the trial court judgment plaintiff relies on Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954), Hebert v. Hebert, 159 So.2d 537 (La. App.3rd Cir. 1964) and Granger v. Granger, 193 So.2d 898 (La.App.3rd Cir. 1967).
In each of the cited cases the courts held in effect that a judgment awarding alimony, including one for child support, is immune to alteration, change or suspension, until such time as the party held liable applies to a court of competent jurisdiction and is granted a modification thereof. In Pisciotto, supra, the court stated:
".... (A) judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law.... (A) reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment...."
In Hebert, supra, this court was presented with a factual situation akin to that presented by the instant case. In Hebert, relying on the earlier cases of Pisciotto v. Crucia, supra, and Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953) we denied the father credit for unpaid child support during a period when he was vested with custody by the juvenile court stating:
"We agree with the trial court that it is extremely inequitable to hold the husband liable for child support under the alimony decree for the nearly three months during which the mother did not in fact have custody of the child and during which the husband in fact actually supported the child. Although this did result from the official action of the juvenile court action in quasi-criminal proceedings, nevertheless under the jurisprudence this did not result in depriving the wife of her vested property right under the alimony judgment, in the absence of any judicial modification of such alimony judgment (or of a waiver by the wife of her rights thereunder)."
In Granger v. Granger, supra, the child had been placed by the juvenile court in a correctional school for boys pursuant to R.S. 13:1561. Thus the issue in Granger, supra, was whether the father was relieved of his obligation to pay child support while the child was temporarily removed from the mother's custody under the authority of the juvenile court. In that case we considered the earlier ruling of this court in Hebert v. Hebert, supra, to be dispositive of the issue presented and accordingly refused to allow the father credit for child support accrued during the period of time that the child remained in the correctional school.
In the year 1977 our Supreme Court in Halcomb v. Halcomb, 352 So.2d 1013 appeared to re-affirm the principle that a judgment awarding alimony is not subject to alteration or modification absent a suit for modification by the party against whom the judgment had been rendered. In Halcomb, supra, the court stated:
"Reduction of or discharge from a judgment condemning one to pay alimony must ... be sued for by the party against whom the judgment was rendered... In the absence of such a suit, however, the judgment cannot be altered or modified ... except in certain instances where the award is terminated by operation of law. An example of an automatic revocation of alimony is when an award in favor of a wife is revoked when she remarries."
However, in the recent case of Dubroc v. Dubroc, 388 So.2d 377 (La.1980) our Supreme Court appears to have departed from this seemingly established principle concluding in Dubroc that neither the Civil Code nor the Code of Civil Procedure mandates a lawsuit for a change in alimony. In Dubroc, supra, following divorce the mother *734 was awarded custody of the two children and child support in the amount of $250.00 monthly. Sometime subsequent to the rendition of judgment the father and mother agreed that the father would take custody of one of the children and his obligation for child support payments to the mother would be reduced by one-half. Neither party complained of this arrangement until Mrs. Dubroc instituted a rule to make past due child support executory. The trial court found in favor of the plaintiff on the arrearages, concluding, in reliance on Halcomb v. Halcomb, supra, that the only manner in which a court-ordered child support obligation could be altered is through a suit properly instituted. Our Supreme Court, in affirming the judgment of the Court of Appeal, Fourth Circuit, 380 So.2d 672, which concluded that the agreement to suspend support payments was enforceable, stated:

"Halcomb and the cases upon which Halcomb relies (e. g., Pisciotto, supra) rest on a strong policy in the area of child custody judgments to safeguard the sanctity of judgments and the orderly processes of law, and to prevent husbands from invoking `self-help'. It is an effort by the courts to prevent overreaching by husbands compelled to pay estranged wives support for their children. The cases have interpreted Civil Code Article 232 to require this result, namely, to require parties to resort to the courts for any alteration in a custody decree.

We find nothing in the Civil Code or the Code of Civil Procedure to compel the interpretation set forth in Halcomb et al.
. . . .
Article 232, which is directly at issue herein, provides:
`When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.' (emphasis added)
. . . .
The Civil Code nowhere mandates a lawsuit for a change in alimony, and the Code of Civil Procedure merely provides for the proper procedure in seeking arrearages. This Court in Halcomb and earlier in Pisciotto engrafted a jurisprudential rule onto the alimony statutes to the effect that absent a lawsuit to alter an alimony decree the plaintiff in a rule for arrearages would be entitled to the full amount under the prior judgment up to three years prior to the rule.
. . . .

Despite the wording of Article 227, quoted supra, what obliges parents to nourish and rear their children is the fact of maternity or paternity and not that of marriage. Plainol, Section 1681. To facilitate the enforcement of this obligation, however, each spouse is given, in his or her own name, a right of action against the spouse without custody to compel him or her to turn over in advance the money necessary to contribute toward the child's maintenance.... Since the parent's duty of support and upbringing is a legal duty owed to the child, it cannot be renounced or suspended. There is no prohibition, however, expressed by the law against a spouse's agreement to suspend his right to compel the other parent without custody to turn over to him in advance money necessary for the child's maintenance.... The parent may not, by suspension of this right, thwart the purpose for which the right is established, i. e., the enforcement of the child's right to support and upbringing.

. . . .
....If the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child's maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable." (Emphasis supplied; citation and footnotes omitted).
We do not consider that the principles announced in Dubroc, supra, are strictly limited to instances where parents have by bilateral agreement, which does not interrupt the child's maintenance or upbringing, stipulated for a suspension of child support payments. Rather, we believe and so hold *735 that such principles are likewise applicable to a situation where, as in the present case, the mother's right to custody has been temporarily divested by order of a court of competent jurisdiction and simultaneously vested in the father who assumes full responsibility and does in fact provide for the child's maintenance and upbringing. In Dubroc, supra, the court noted that our law does not prohibit a spouse's agreement to suspend his right to child support payments under an alimony judgment so long as such agreement does not thwart enforcement of the child's right to support and upbringing. In other words the spouse's vested property right under the alimony judgment may be suspended by mutual agreement if such agreement in no way jeopardizes enforcement of the child's right to support and upbringing. We can conceive of no valid reason why an order of a court of competent jurisdiction temporarily divesting the mother of custody and simultaneously vesting the father with custody should not have the same effect. We hold that it does and that plaintiff's right to child support payments under the judgment of March 27, 1978 was suspended during the period of time that defendant was vested with custody of the parties' minor child by order of the Juvenile Court of Iberville Parish.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.