LOTTINGER, Judge.
In this appeal, a husband questions the trial court’s judgment regarding child support arrearages and the custody of his minor child.
FACTS
On January 31, 1979, Janice George Val-lery was granted a divorce from her husband, Alvin Ray Vallery. At the same time, Janice Vallery was granted the sole care, custody and control of the only minor child of the marriage and Alvin Vallery was ordered to pay $150 per month in child support. On May 2, 1979, pursuant to a petition by the Louisiana Department of Health and Human Resources (DHHR), custody of the minor child was temporarily removed from the mother to the child’s paternal grandparents. Protective custody of the child was retained by the DHHR.
On May 29, 1979, full custody and care of the minor child was returned to Janice Vallery by the DHHR. However, no court order transferring custody back to the mother was sought or issued. Janice Val-lery has had physical custody of the minor child ever since.
In July, 1986, Janice Vallery filed a rule to vacate the May 2,1979 order, seeking an award of the permanent care, custody and control of the minor child. The father of the child was not made a party, nor provid *223 ed with any notice of the rule. As a result of the rule, the trial judge vacated the temporary custody order obtained by the DHHR, retroactive to May 29, 1979, the date the child’s physical custody was returned to Mrs. Vallery. In addition, the trial judge confirmed the permanent care, custody and control of the minor child with Mrs. Vallery, as having been granted on May 29, 1979.
Subsequent thereto Janice Vallery filed a rule to recover past due child support, because Mr. Vallery had not made a single support payment since he was ordered to pay same on January 31, 1979. The trial judge ruled in favor of Mrs. Vallery and ordered Mr. Vallery to pay arrearages in the amount of $9,000, as well as attorney’s fees of $750.
From this judgment Mr. Vallery has appealed, raising the following issues:
1. What is the proper procedure to have a child removed from its parent(s), placed in the custody of the DHHR and returned to its parent(s)?
2. Is a non-custodian parent an indispensable party to an action by the custodian parent of a minor child to vacate a previous court order temporarily removing custody of the child from the non-custodian parent?
3. What effect, if any, does the temporary removal of a minor child from its custodian parent have on the non-custodian parent’s obligation to pay child support?
I
At the outset, we conclude that the procedure utilized by the DHHR and the court below in returning the child’s custody to its mother was erroneous. The trial judge found that based on the DHHR’s actions on May 29, 1979, in returning the child to the custody of the mother, the mother had both the legal and the physical custody of the minor child. However, once a child is removed from the custody of its parents) and placed in the custody of the DHHR because the child is deemed in need of care, an order of the appropriate court is necessary to return custody of that child to its parent(s).
District courts and, where appropriate, juvenile and/or family courts, are granted exclusive jurisdiction regarding the adjudication of a child’s needs, as well as the determination of whether that child is in need of care for purposes of removing the custody of that child from its parent(s). La.Code Juv.P. art. 14, et seq.
On a determination that a child is in need of care, the court may place the child in the custody of a public institution such as the DHHR. La.Code Juv.P. art. 85. A judgment of disposition in this regard remains in force and effect until it expires by its own terms, is modified, or is vacated. La. Code Juv.P. art. 89. Periodic disposition review hearings are required to insure that the child’s disposition is in the best interest of that child. La.Code Juv.P. art. 90; La. R.S. 46:2427. If the institution responsible for the child feels that it would be in the best interest of the child to return it to the custody of its parents, the institution has the authority to request a disposition hearing for such a judicial determination, Id. Thus, once a child has been removed from the custody of its parents and placed in the custody of the DHHR, the DHHR has no authority to legally transfer the custody of the child back to its parents, absent a judicial order of such. Such authority is vested solely in the courts and the DHHR can only request a disposition hearing, where the best interest of the child is determined by the appropriate court. Only if that court determines that the child’s best interest requires that custody be transferred back to its parent can such transfer be made.
However, in the instant case, the DHHR made such a transfer without seeking a judicial order of transfer. We must determine whether the trial judge had authority to transfer legal custody back to the child’s parent retroactive to a date almost seven years earlier, when the child was returned to the mother. We conclude that to allow such action would not be in the best interest of the child, and that the procedure for a change in the custody of a *224 child removed by court order must be followed strictly. To allow otherwise would not guarantee that the child’s best interest was cared for, which determination must be made by the appropriate court. Until a formal court order change in custody is made, it is presumed that the previous order removing the child from the custody of the parent is in the best interest of the child. Thus, the trial judge was in error in ordering the retroactive change in custody of the minor child and could only prospectively determine the best interest of that child. Therefore, the change in custody from the DHHR to Mrs. Vallery could only affect the prospective custody of the child, from the date of judgment, August 20, 1986, and the trial judge was in error holding otherwise.
II
Mr. Vallery contends that he was an indispensable party to the proceeding filed by his former wife to vacate the order removing custody of the minor child to the DHHR, and, as such, the trial court erred in proceeding without him. In support of his contention, Mr. Vallery argues that when his former wife filed the rule in 1986 to vacate the order removing custody of the child, the joint custody of both spouses was presumed to be in the best interest of the child and, as such, his presence at the hearing was required.
However, the removal of custody from Mrs. Vallery in favor of the DHHR in May, 1979, was “temporary” and not a change in custody as required for the joint custody presumption found in La.Civ.Code Arts. 146 and 157. These articles envision a change in an original custody decree and not in a mere temporary removal of custody from the parent with sole custody for a period of approximately one month. Rather, the “change in custody” as required in the articles pertaining to joint custody refers to a situation where the non-custodian parent seeks a change in a custody arrangement, in which instance, joint custody is presumed to be in the best interest of the child. Here we are only concerned with a temporary removal of custody and not a permanent change in custody.
We find it ironic that Mr. Vallery raises this contention in defense of a claim for child support arrearages and not in a matter in which he is actively seeking a joint custody arrangement. This is true despite the fact that he has had in excess of seven years in which to seek a joint custody arrangement, but only chose to raise joint custody now in an attempt to subvert his child support obligation. Accordingly, this argument is meritless.
Ill
Next we must decide what effect, if any, the temporary removal of the minor child from the custody of its mother had on Mr. Vallery’s child support obligation and whether a new award of support was required.
An award of child support may not be modified, reduced, or terminated until the party ordered to pay such support has the award judicially modified or terminated, or the parties conventionally agree to suspend the award. Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1st Cir.1984); Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983).
This rule is not altered by the mere fact that the child is no longer living with the custodial parent. Ramos v. Ramos.
In Ramos, the child in question was mentally retarded and a total invalid. At all pertinent times he was a resident of a state school, was a ward of the state, and was completely supported and maintained by the state, not the custodial parent. In response to an argument by the spouse ordered to pay child support that the child was totally supported by the state and not the custodial parent, the court held that this fact was of no moment and the child’s father was still responsible for the previously awarded support payments until such award was modified or rescinded. This was true even though the state was completely supporting the child.
We conclude the same is true in the instant case, and Mr. Vallery is responsible for the past due support. It was incumbent on him to seek judicial modification of the support award within the past seven *225 years. Absent such a change, Mr. Vallery is still responsible for the original award. Especially is this true when we consider that the child has been in the physical custody of its mother since May 29, 1979.
Mr. Vallery also contends that the order vacating the DHHR custody order in 1979 had the effect of “reviving” the child support obligation and that his constitutional guarantee of due process required that he be provided with notice of the hearing and an opportunity to be heard. However, we have already concluded that the support obligation had never been terminated and, therefore, was not “revived.” As such he was not, as he alleges, deprived of his property and entitled to notice of the hearing and an opportunity to be heard.
Mr. Vallery also contends that the trial judge improperly rendered a judgment which was not prayed for and that the judge’s expansion of Mrs. Vallery’s prayer was erroneous. In addition, Mr. Vallery objects to an affidavit by the DHHR which was filed by Mrs. Vallery as being hearsay and inadmissible to support the judgment against him. However, for the above and foregoing reasons, we have concluded that the trial judge was not in error in his conclusion, although the procedure utilized was erroneous. The trial judge obviously felt it was in the child’s best interest that custody be returned to the mother. Absent a showing that another arrangement was in the best interest of the child, the trial judge was correct. We have concluded that the trial judge could not have retroactively changed the custody arrangement and, as such,-the affidavit complained of is irrelevant. .
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
EDWARDS, J., concurs in the result.