589 So.2d 66 (1991)
Connie J. LeFEBVRE
v.
James B. LeFEBVRE.
No. CA 90 1721.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*67 J. Peyton Parker, Jr., Baton Rouge, for plaintiff-appellant Connie LeFebvre.
Alan S. Fishbein, Baton Rouge, for defendant-appellee James LeFebvre.
Before COVINGTON, C.J., and LANIER and GONZALES, JJ.

ON REHEARING
LANIER, Judge.
This action commenced with a petition by a wife against her husband seeking protective orders pursuant to La.R.S. 46:2131 et seq. The husband subsequently filed a petition for a legal separation and other relief. The wife answered and filed a reconventional demand for a divorce. Judgment was rendered which, among other things, (1) granted the wife a divorce, (2) awarded joint custody of the two minor children, (3) made the wife the domiciliary parent of the children, and (4) ordered the husband to pay child support of $250 per child per month. Subsequently, on motion of the wife, the child support payments were increased to $325 per child per month.

BASIC FACTS
The husband, James B. LeFebvre, and the wife, Connie J. LeFebvre, were married on March 7, 1970. Two children were born of this union, namely, Tiffany Rachel LeFebvre and Joshua Blake LeFebvre. The husband and wife physically separated on or about January 2, 1984, and were divorced by judgment dated July 8, 1985.

PERTINENT PROCEDURAL FACTS
On January 17, 1989, the husband filed a rule to become the domiciliary parent, and on January 20, 1989, he obtained an ex parte order from the trial court which "vested" the "provisional" custody of the children in him. This order did not address child support payments. A custody hearing was held on August 15, 1989. The trial court awarded the permanent custody of the two minor children to the husband and decreed that "the previous award of child support ordered herein is vacated." This judgment does not fix an effective date for the termination of the child support award. On October 13, 1989, the husband filed a rule for child support against the wife. On November 9, 1989, the wife answered the rule and filed a motion asserting that the husband was legally obligated to pay child support from January 15, 1989, until August 15, 1989; that he failed to do so and was $5,200 in arrears; that he should be cited for contempt and ordered to pay the arrearage; and that she was entitled to a reasonable attorney fee. The husband's rule and the wife's motion were heard in the trial court on December 5, 1989. The trial court rendered judgments which (1) ordered the wife to pay child support of $90 per child per month retroactive to October 13, 1989, (2) found the husband had child support arrearages of $4,550 and made a judgment for same executory, and (3) cast the husband for a $500 attorney fee. The husband applied for a new trial asserting errors in the child support arrearage and attorney fee awards. The motion for a new trial was heard on January 23, 1990, and the trial court took the matter under advisement. On March 1, 1990, the trial court granted the new trial and rendered judgment in favor of the husband and dismissed the wife's claims for child support arrearages and an attorney fee. The wife took this devolutive appeal. On original hearing, we reversed and reinstated the arrearage and attorney fee awards in an unpublished opinion. On application of the husband, we granted a rehearing.

LIABILITY OF PARENT WITH TEMPORARY CUSTODY OF A CHILD FOR CHILD SUPPORT PAYMENTS
The wife contends that the trial court "abused its discretion in holding that an ex *68 parte judgment automatically suspends child support payments where there is a subsequent successful action to change custody."
Parents have a mutual obligation to support, maintain and educate their children. La.C.C. art. 227. The degree of support depends upon the children's needs and the parents' ability to provide it. La. C.C. arts. 230 and 231; Arender v. Houston, 540 So.2d 439 (La.App. 1st Cir.1989). A parent may discharge this duty by either (1) providing the support in kind as a domiciliary parent or (2) paying money for obtaining the support, maintenance and education as a nondomiciliary parent. La.C.C. arts. 233 and 234; Ducote v. Ducote, 339 So.2d 835 (La.1976); Schelldorf v. Schelldorf, 568 So.2d 168 (La.App.2d Cir.1990); Clooney v. Clooney, 446 So.2d 981 (La. App. 3rd Cir.1984); Neel v. Neel, 365 So.2d 34 (La.App. 4th Cir.1978).[1] A domiciliary parent has a right of action against a nondomiciliary parent to compel him or her to turn over in advance the money necessary to contribute toward the child's support. Hogan v. Hogan, 549 So.2d 267 (La.1989). Once the obligation of a nondomiciliary parent is reduced to a money judgment, it must be followed until it is altered or amended by a subsequent judgment or is terminated by operation of law.[2]Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1st Cir.1984).
The issue in the instant case is what is the effective date of the trial court's order which vacated the child support award in favor of the wife. Is it January 17, 1989, the date the rule to change custody was filed; is it January 20, 1989, the date the husband obtained the ex parte order giving him the provisional custody of the children; or, is it August 15, 1989, the date of the order? The trial judge noted in his reasons for judgment that "the court made an ex-parte [sic] change in the best interest of the child and later found that such change was and continued to be in the best interest of the child", and ultimately denied the claim for the arrearages. The practical effect of this was to fix the effective date of the order which vacated the child support award retroactively to January 17, 1989, the date the rule to change custody was filed.
La.R.S. 9:310(A) and (C) provide as follows:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
. . . . .
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
Thus, courts have some discretion to limit or bar the retroactive scope of a modification of a support order. Hogan, 549 So.2d at 273. In Ecklund v. Ecklund, 513 So.2d 383, 385 (La.App. 4th Cir.1987), appears the following:
The district court judgment is silent as to the commencement date of the support payments. Prior to the enactment of La.R.S. 9:310 the courts held that when the judgment is silent "it must be presumed the court intended it to be effective on the date of rendition." ... La.R.S. 9:310 provides, however, than [sic] an order for child support "shall be retroactive to the filing date of the petition", paragraph A, unless "the court finds good cause for not making the award retroactive," paragraph C. The courts have held also that even before the enactment of La.R.S. 9:310 a court could make an award retroactive and either trial or appellate court could adjust the differential amount that may result *69 from appellate modification of a trial court support judgment. (Citations omitted)
While it must be conceded that superficially La.R.S. 9:310 appears applicable only to an order awarding (for) child support (not an order terminating child support), and that the order terminating child support herein resulted from a rule to change custody (not a rule to terminate child support), nevertheless, we will apply La.R.S. 9:310, and the jurisprudence construing it, to the facts of this case by analogy.
A case very similar to the instant case is Lachney v. Lachney, 399 So.2d 731 (La. App. 3rd Cir.1981). In Lachney, the husband and wife were legally separated, the wife was awarded the sole custody of the couple's minor child and the husband was ordered to pay child support. Subsequently, the husband instituted proceedings in the Juvenile Court for Iberville Parish seeking custody of the child alleging physical abuse of the child by the wife. After a hearing, the Juvenile Court awarded the temporary custody of the child to the husband. The child was in the custody of the husband from March 20, 1979, to December 4, 1979, when the Juvenile Court ordered that the custody of the child be returned to the wife. During this period, the husband paid no child support. The husband immediately filed a proceeding in the 9th Judicial District Court, Parish of Rapides, seeking permanent custody of the child. The wife filed a rule in the same court seeking the arrearages in child support. The two proceedings were consolidated for trial. The Rapides court awarded the permanent custody of the child to the husband and dismissed the wife's claim for arrearages. The wife appealed. The court of appeal observed that "[T]he narrow issue on appeal is whether plaintiff's right to child support payments under the judgment of the Ninth Judicial District Court dated March 27, 1978, was suspended during the period of time that the defendant father had custody of the minor child under order of the Juvenile Court of Iberville Parish." Lachney, 399 So.2d at 733. The court of appeal answered this question in the affirmative with the following rationale in Lachney, 399 So.2d at 734-735:[3]
We do not consider that the principles announced in Dubroc [v. Dubroc, 388 So.2d 377 (La.1980)], supra, are strictly limited to instances where parents have by bilateral agreement, which does not interrupt the child's maintenance or upbringing, stipulated for a suspension of child support payments. Rather, we believe and so hold that such principles are likewise applicable to a situation where, as in the present case, the mother's right to custody has been temporarily divested by order of a court of competent jurisdiction and simultaneously vested in the father who assumes full responsibility and does in fact provide for the child's maintenance and upbringing. In Dubroc, supra, the court noted that our law does not prohibit a spouse's agreement to suspend his right to child support payments under an alimony judgment so long as such agreement does not thwart enforcement of the child's right to support and upbringing. In other words the spouse's vested property right under the alimony judgment may be suspended by mutual agreement if such agreement in no way jeopardizes enforcement of the child's right to support and upbringing. We can conceive of no valid reason why an order of a court of competent jurisdiction temporarily divesting the mother of custody and simultaneously vesting the father with custody should not have the same effect. We hold that it does and that plaintiff's right to child support payments under the judgment of March 27, 1978 was suspended during the period of time that defendant was vested with custody of the parties' minor child by order of the Juvenile Court of Iberville Parish.
(Emphasis added)
We find this rationale persuasive.
In the instant case, as in Lachney, the mother's right to custody was temporarily divested by order of a court of *70 competent jurisdiction, and custody was simultaneously vested in the husband; thereafter, the husband satisfied his support obligation by providing services in kind, rather than paying money; and, finally, the husband ultimately obtained permanent custody. As previously indicated, a parent may satisfy his or her support obligation by either providing support in kind or by paying money for support; a parent is not required to do both at the same time (unless a combination of both is used to satisfy that parent's share of the mutual obligation). Accordingly, we hold that under the facts of the instant case, the issuance of the temporary (provisional) custody order by the trial court suspended the wife's right to child support payments under the prior judgment, and the trial court had good cause (did not abuse its discretion) when it vacated the wife's child support judgment retroactive to January 17, 1989.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The wife is cast for cost of this appeal.
AFFIRMED.
COVINGTON, C.J., dissents.
NOTES
[1] This was the law applicable on August 15, 1989, when the change of custody hearing was held. Effective October 1, 1989, the guidelines for determination of child support are found in La.R.S. 9:315 et seq. See in particular La.R.S. 9:315.8.
[2] There are two jurisprudential exceptions to this rule: (1) when the evidence shows the parties have clearly agreed to waive or otherwise modify the court-ordered payments, or (2) when the domiciliary parent has voluntarily placed custody of the children with the nondomiciliary parent. Hendrix, 457 So.2d at 817. Neither of these exceptions is applicable in this case.
[3] The instant case and Lachney are distinguishable from Vallery v. Vallery, 528 So.2d 221 (La. App. 1st Cir.), writ denied, 533 So.2d 19 (La. 1988).